Cayce v. Powell.

---

## HANNAH CAYCE v. SAMUEL G. POWELL.

The authority conferred upon a married woman to litigate in her own right, implies the capacity, on her part, to conduct the litigation as shall be most conducive to her own advantage; and this principle applies, where the wife is joined as a defendant with the husband, in a suit for necessaries for herself or family, &c.

It is a consequence of the capacity of the wife to sue and be sued in her own right, in certain cases, that she must be held to the use of the ordinary diligence of other suitors, where she is not specially exempted by law from the use of such diligence.

Where the wife is joined as a defendant with the husband in a suit which seeks to establish the liability of her separate property for necessaries for herself or family, &c., and is served with process, and answers by attorney, she cannot

have an injunction to enjoin the judgment rendered against her in such suit, on the ground simply that her answer was withdrawn without her knowledge or authority, by agreement between her husband and the plaintiff in such suit, without allegation of actual fraud; nor can she excuse her failure to apply for an injunction within the time specified by law (Hart. Dig. Art. 1599,) by alleging ignorance that the judgment had been rendered.

It is not legal or technical fraud, but actual, positive fraud, in fact, which will authorize the annulling of a judgment.

Appeal from Brazoria. Tried below before Clinton Terry, Esq'r, appointed by the parties.

This suit was commenced on the 22d December, 1856, by Hannah Cayce against Samuel G. Powell and Thomas Cayce, the husband of the said Hannah, to enjoin a judgment recovered at the Fall Term, 1854, by said Powell against the said Hannah and the said Thomas, in a suit on a note of the said Thomas, and in which said Powell alleged that the said note was given for necessaries for the said Hannah and the family of said Thomas, generally. It was admitted that both the said Hannah and the said Thomas had been duly served with process and had answered by attorney, in said suit; but this plaintiff alleged that at the second Term of the Court, which was the Spring Term, 1855, the said Thomas had, by agreement with said Powell's attorney, withdrawn the pleas and answer of the defendants in said suit, and let judgment go for the amount claimed, with a stay of execution for one and two years; of which judgment, this plaintiff alleged she had no notice until a few weeks previous to the filing of this petition, when the Sheriff, for the first time, called upon her with an execution. There was no pretence that there had been any actual fraud in the case; but the suit proceeded upon the theory that if the husband and her attorney had not been authorized by the wife, to let judgment go as alleged, it was, in law, a fraud upon her rights.

Defendant Powell demurred and answered. The demurrer was overruled; verdict and judgment for the defendant. This Court having decided that there was no foundation for the action, upon the allegations of the petition, it is unnecessary to state the evidence.

*A. P. McCormick,* for appellant. I. Again; the 3d point in the instructions complained of is, "that if Mr. Cayce and the attorney of Mrs. Cayce acted in good faith towards Mrs. Cayce, the

jury will find for defendant." This is the perishing point of the whole charge, and here the case is made to hinge. By it the jury are narrowed down to the question of the good or bad faith of Mr. Cayce and Mrs. Cayce's attorney. But it is respectfully insisted, that if the action of Mr. Cayce and said attorney was without the pale of their authority, and from their unauthorized act sprung up this judgment against Mrs. Cayce, it operated a serious fraud upon her rights, and is such a fraud as she is entitled to relief against, no matter what were the motives of the parties, so soon and whenever it is discovered by her.

II. The 4th assignment of errors is: "The District Court erred in refusing instructions asked by plaintiff's attorney." The instruction asked was in substance, that a general attorney to attend to a suit is not authorized to compromise said suit, without special authority. It is believed that this has not been doubted in this country since the decision of Holker and others v. Parker, in 7 Cranch, R. 436, (see particularly pp. 452 and 453,) where Chief Justice Marshall carries the doctrine so far as to set aside a judgment rendered on an award, where it was shown that the award was founded on a compromise made by the attorneys. And the charge asked was pertinent to the case, as it presented itself to the jury. For proof had been introduced by the defendant, that Mrs. Cayce's attorney was present consenting to and fully cognizant of the agreement of compromise when made; and the Court, in one of the charges given, had instructed the jury that the fact that the plaintiff's attorney and her husband had agreed to a bad compromise had nothing to do with this case, except to explain the motives of the parties on the question of fraud.

But passing by any further consideration of the points above raised, it is respectfully submitted that the case was put to the jury by the instructions of the Court, in altogether an improper light; and that the appellant—the plaintiff below—made out a case which showed clearly that the judgment in the original case was without foundation, and therefore void; and one which if it had been fairly put to the jury, would have secured a verdict from them in her behalf.

III. In relation to a married woman's power of disposition of her estate, it is held by Courts of Equity in this country, that instead of being absolute unless specially restrained by the instrument conferring the estate, the reverse of the proposition would be more correct: that she has no power but what is spe-

49

cially given, and only to be exercised in the mode prescribed. Her incapacity is general, and the exception is to be taken strictly, and to be shown in every case. (See M. E. Church v. Jaynes, 3 Johns. Chan. R. 78 ; 3 Dess. 462 ; Ewing v. Smith, 5 Tex. R. 169 ; Id. 198.)

IV. The proof shows, as clearly as such fact can be proved, that Mrs. Cayce never discovered this fraud or the existence of the judgment, until a few weeks before filing her suit for injunction.

*MacGreal*, for appellee. I. The petition shows no equity, and the District Court erred in overruling the demurrer of appellee. (Pruitt v. Perry, 4 Tex. R. 260; Hart. Dig. Art. 1599 ; Cartwright v. Roff, 1 Tex. R. 78 ; Doss v. Miller, 4 Id. 338.)

Thomas Cayce, the husband of appellant, nowhere complains, or lends himself to the complaint of appellant ; and is not charged with fraud or combination with Powell, the appellee, in procuring the judgment.

II. The judgment is binding on the appellant, until it be shown and adjudged, that it was fraudulently procured and rendered. No proof exists to support such a charge.

The petition of appellant sets up technical, and not substantial objections to the judgment complained of.

WHEELER, J. The appellant had been duly served with process in person, and was represented in Court by her attorney, who filed her answer ; there is no averment or pretence of any want of diligence or fidelity to her interests on his part, or of any fraud or unfairness practised in the procurement or rendition of the judgment. It is not denied that the consideration of the note was necessary supplies furnished the appellant and her family. But the complaint is, that there was no bill of particulars furnished, and that she had not notice or knowledge of the particular charges, or supplies alleged to have been furnished, and that she was ignorant of the rendition of the judgment, until a few weeks before the filing of her petition to have it perpetually enjoined. Can she plead ignorance of the judgment, as a ground of equitable relief, when she was thus represented in Court by her attorney, who was cognizant of, and consenting to, its rendition, and when it is not pretended that he did not, in good faith, represent what he deemed to be her true

Cayce v. Powell.

interest, and there is no charge of any actual fraud or intentional wrong practised by the other parties to the judgment? We think not. The authority conferred upon a married woman, to litigate in her own right, implies the capacity on her part, to conduct the litigation as shall be most conducive to her own advantage. The law has conferred on her the right to litigate; and the right implies the capability. Otherwise the law should have provided a guardian, or attorney *ad litem* to conduct her litigation for her. It is a consequence of her capacity to sue and be sued in her own right, that she must be held to the use of the ordinary diligence of other suitors, where she is not specially exempted by law from the use of such diligence. Otherwise, there would be no conclusiveness in judgments to which married women are parties.

Having been made a party to the suit, and had notice, by the personal service of process, she was bound to inform herself of the result of the suit, and cannot make her want of information a ground of enjoining the judgment. It is said, indeed, that the rendition of the judgment, without proof that it was upon a cause of action for which her estate was properly chargeable, was a fraud upon her rights; that it was a legal, as distinguished from a moral fraud. But it is not legal and technical, but actual, positive fraud, in fact, which will authorize the annulling of a judgment, or will afford an excuse, under the statute, for not having applied to the Court for relief within the time prescribed. (Hart. Dig. Art. 1599.) The plaintiff has not made out a case either by averment or proof, which will entitle her to the relief sought. There is therefore no error in the judgment, and it is affirmed.

Judgment affirmed.