## MARY T. HARDIN v. M. A. HARDIN.

1. In a trial where a deed is attacked for duress pleaded by the grantor, it is error to admit the declarations of the grantor in support of his plea.

2. In such trial it was error to exclude testimony showing a consideration for such deed. Such evidence should be allowed in connection with the testimony showing duress, to explain the motive for the execution of such deed.

3. In a suit for divorce all questions of property between the parties should be settled; if not then settled they are considered as waived, and such waiver is final.

APPEAL from Hood Tried below before the Hon. Charles Soward.

Suit instituted by the appellant, Mary T. Hardin, against the appellee, Milton A. Hardin, for partition of a tract of land situated in Hood county, granted to Milton A. Hardin on the fifth day of February, 1855.

The patent was granted by virtue of augmentation certificate No. 100, issued to M. A. Hardin for two-thirds of a league and labor, by the board of land commissioners

of Liberty county, upon proof that he had married since his headright for one-third of one league had been issued.

The other defendant, Lazenby, was sued for trespass. Before the trial the defendant, Hardin, moved to Hood county, and Lazenby purchased a share of the plaintiff's interest.

The plaintiff alleged substantially that she and defendant, Milton A. Hardin, were formerly husband and wife; that whilst that relation subsisted he had conveyed to her by deed, dated on the twenty-fourth day of June, 1864, an undivided interest of one-half in the land described in the patent, being one-half the amount that remained after a locative interest of one-third had been taken out; that afterwards, on the eleventh day of January, 1866, she and defendant were divorced by a decree of the District Court of Galveston county; that defendant refused to divide said land with her, and praying for a writ of partition.

Defendant, Hardin, answered by a general denial at the March term of the court, 1871, and at the next term filed an amended answer, alleging that the deed of 1864 was procured by duress, and was void.

Plaintiff met these allegations by an amended petition, denying the duress, and alleging that even if the deed were void it only conveyed her legal interest in the property, for the reason that it was the community property of herself and defendant at the time the deed was made, and at the time the divorce was granted; that she was the wife of defendant at the time the certificate was granted, and that she did not set up her community right in the divorce suit, because she depended upon the deed from defendant to her, which up to that time had not been questioned; and she referred to a copy of the record of the divorce suit on file in the cause to show the date of

her marriage with defendant, and to show that no question was made as to community property in that suit.

Upon the trial defendant excepted to so much of plaintiff's amended petition as set up a community interest in the land sued for, on the ground that all community rights were adjudicated, or should have been, at Galveston, in the divorce suit. This exception was sustained by the court, and the plaintiff excepted.

Upon the trial the plaintiff offered in evidence the patent to Milton A. Hardin, the deed from Hardin to plaintiff, and the certified copy of the record in the divorce suit; all of which were read without objection. Plaintiff then offered a certified copy of the original certificate upon which the patent was issued. This was objected to by defendant on the ground that it only showed a community interest and should be excluded. This objection the court sustained, and the plaintiff excepted.

The defendant proved by several witnesses the declarations of M. A. Hardin that he had been compelled by the plaintiff to sign the deed for one-half the land to her, and then offered a large amount of testimony to show duress, mental and bodily infirmity, etc., and closed.

The instruction of the court to the jury confined the issue solely to the question of duress in obtaining the deed of June 24, 1864, and the verdict of the jury is confined to that issue. Verdict and judgment for defendant, and plaintiff appealed, and assigned errors: 4. The admission of the declarations of M. A. Hardin.

5. The exclusion of the copy of the certificate under which the patent was issued.

*S. H. Renick*, for appellant.

*A. J. Hood*, for appellee, cited the following authorities: 1 Story's Equity, Sec. 239; Parsons on Con., 392; Met-

calf on Con., 26; McGowen v. Bush, 17 Texas, 199; Foster v. Wells, 4 Texas, 104; 1 Johns. Cas., 436; 1 Blackf., 360; Catlin v. Glover, 4 Texas, 151; Mays v. Lewis, 4 Texas, 38; Davis v. Loftin, 6 Texas, 496; Campbell v. Wilson, 6 Texas, 379; Kerr on Fraud, 352; Kerr on Fraud, 128; Folk v. Birdelmar, 6 Watts, 339; Crest v. Jack, 3 Watts, 238; Devereux v. Burgwyn, 5 Ired. Eq., 351; Nevin v. Belknap, 2 Johns., 373; Copeland v. Copeland, 28 Me., 525; Morton v. Hogdon, 32 Me., 127; Morris v. Moore, 11 Humph., 433; Taylor v. Zipp, 14 Mo., 482; Eldred v. Hazlett, 33 Penn., 307; Herndon v. Casiano, 7 Texas, 322; Harrison v. Knight, 7 Texas, 47; Campbell v. Wilson, 6 Texas, 379; Hensley v. Lytle, 5 Texas, 497; Morris v. Runnels, 12 Texas, 175; Barrow v. Philleo, 14 Texas, 345.

McADOO, J.—We will not pretend to discuss and determine all of the alleged errors committed by the court below, in the bills of exceptions and the assignment of errors. A single error, that set out in the fourth assignment, permitting the *ex parte* statements of the defendant, M. A. Hardin, as testified to by the witnesses, to go to the jury, must reverse the case. These statements were mere hearsay evidence, and should have been excluded.

We think, also, that the fifth assignment of error is well taken. The copy of the original certificate on which the patent issued to the land in controversy, and all other evidence going to show that the land was acquired during the marriage, should have been permitted to go to the jury, not to show that the plaintiff now has a community interest in it, but to show that there was a good and sufficient consideration for the conveyance from Milton A. Hardin to the plaintiff. This should have gone to the jury, in connection with the evidence which tended to

show that the deed of conveyance was executed under duress, so that the jury might determine what was the moving cause.

Possibly, if all the evidence legitimate had gone to the jury, and that which was not legitimate had been excluded, the jury might have reached a different conclusion.

It is true, that if duress has been made out, it is not material to inquire whether there was a sufficient consideration to support the conveyance or not; because, if there was duress, it would annul and avoid an act, whether by deed or by simple contract. (McGowan v. Bush, 17 Texas, 195.)

But the jury should have had all the pertinent facts before them, which might tend to show that *not duress*, but other motives may have induced Hardin to make the deed.

As this cause must be remanded for a new trial, we deem it proper to state our view of the *status* of the property in controversy.

M. A. Hardin, the appellee, obtained an augmentation grant of land by reason of his marriage with the appellant, Mary T. Hardin. This land was therefore community property.

In 1864 the appellee executed to the appellant a deed of conveyance to one-half of this land, and thereupon they severed their conjugal associations.

In 1867 appellant sued for and obtained a divorce from the appellee. The appellee, though brought into court by personal service in that suit, entered no plea whatever, and the trial was *ex parte*.

In this suit for divorce should have been tried and settled all property rights between the parties. Article 3452, Paschal's Digest, reads as follows:

"In all suits and proceedings for divorce from the bonds of matrimony, the defendant shall not be compelled

to answer upon oath, nor the petition be taken 'for confessed' for want of an answer; but the decree of the court shall be rendered upon full and satisfactory evidence, independent of the confession or admission of either party, and upon the verdict of a jury affirming the material facts alleged in the petition; and the court pronouncing a decree of divorce from the bonds of matrimony shall also decree and order a division of the estate of the parties in such way as to them shall seem just and right, having due regard to the rights of each party and their children, if any; *provided, however*, that nothing herein contained shall be construed to compel either party to divest him or herself of the title to real estate or to slaves."

If not so settled, all controversy on that subject was waived by both parties, and that waiver was final as to both. (Foster v. Wells, 4 Texas, 101; 1 Blackford, 360; 1 Johns. Cases, 436.)

Each party was left by the decree of divorce with such property as he or she had at the time. If there was a cause of controversy between them as to any property, such controversy should then have been made; if not made, it was waived and lost.

A deed had been made three years before by the husband to the wife. It is claimed by the husband that the deed was obtained by duress. If it was, it was voidable, not void. In the divorce suit the issue of duress should have been made, and the conveyance would then have been avoided, if the proof had shown such duress.

The issue was not made at the only time and at the only suit in which it could be made as between these parties; the husband thereby waived his remedy, and it is lost forever. The matter is *res adjudicata*.

The cause is reversed and remanded.

REVERSED AND REMANDED.