48  269
80  648
48  269
83  251

## MARGARET WHETSTONE v. J. S. COFFEY ET AL.

1. PRACTICE—DEMURRER.—On general demurrer, every reasonable intendment will be indulged in favor of the pleading thus excepted to.

2. HOMESTEAD—DIVORCE—RES JUDICATA.—A and his wife B owned, as husband and wife, three hundred and twenty acres of land, acquired during the marriage, on which was established their homestead. A conveyed the entire tract by a deed to which his wife B was not a party, and without her consent; after which he removed from the land with his wife, and separated from her. The parties were afterwards divorced by decree of court, but no judgment was rendered in that proceeding regarding the land. B afterwards sued in trespass the parties in possession under the deed from her former husband: *Held*—

   1. That A's deed conveyed to the purchaser title to all the land over two hundred acres—the amount of the homestead.

   2. It was not necessary to allege in the petition that the purchaser from the husband had notice of the rights of the wife.

   3. Though the District Court has authority, upon granting a divorce, to make a partition of the community property, yet, if this is not done, the divorced woman is not precluded from afterwards bringing a suit to recover her interest in the property.

   4. The fact that the homestead was upon the land at the time of the illegal sale by the husband, shielded and protected the wife's community interest in the two hundred acres which constituted the homestead.

   5. The claim of B, in her petition, that she owned the entire three hundred and twenty acres, could not affect her right to recover so much of her community interest as was protected from sale by the homestead exemption.

3. DISCUSSED.—Byrne v. Byrne, 3 Tex., 341; Newland v. Holland, 45 Tex., 588; Andrus v. Randon, 34 Tex., 536; Hardin v. Hardin, 38 Tex., 616; Wright v. Wright, 7 Tex., 526.

APPEAL from Hopkins. Tried below before the Hon. Green J. Clark.

This suit was brought by appellant for the recovery of three hundred and twenty acres of land in Hopkins county, which she alleges was the community homestead of herself and her late husband, Anderson Whetstone. The petition alleges that said Whetstone sold the same by quit-claim deed to one B. A. Vansickle, in December, 1859; that at that time she was the lawful wife of said Whetstone; that they lived upon said land as their homestead, having no other at the date of said sale; that she did not give her consent to said sale, nor join with her said husband in said deed; that her said husband never furnished her another homestead after said sale; that she had not, up to the date of the institution of this suit, owned any land, nor resided upon any land belonging to herself, nor to her late husband, Anderson Whetstone, and that the defendants, as heirs and representatives of Harris Coffey, late of said Hopkins county, deceased, holding possession of said premises, and claiming title thereto under said Vansickle, did so with full knowledge of appellant's title.

Appellant also alleges, in her petition, the marriage relation between herself and said Anderson Whetstone was dissolved by a decree of divorce in 1865, without any adjudication as to the property rights of either party. She prayed for a decree for title to her community half of said three hundred and twenty acres of land, and that the same be set apart to her.

To this petition, defendants interposed a general demurrer, which was sustained, as is alleged by counsel, upon the ground "that a divorced woman cannot maintain an action for property acquired during marriage," and upon the doctrine of *res adjudicata.* The plaintiff declined to amend, and judgment was rendered against her on demurrer, to which she excepted. From that judgment she prosecutes this appeal, and assigned for error the sustaining of defendants' general demurrer.

*King & Blythe* and *J. K. Milam,* for appellant, cited Paschal's Dig., 3452; Tiemann *v.* Tiemann, 34 Tex., 522; Craig *v.* Craig, 31 Tex., 203; Bishop on Marriage, (4th ed.,) vol. 2, secs. 426, 481, 482.

[No briefs are on file for appellees.]

ROBERTS, CHIEF JUSTICE.—The court sustained a general exception to the petition of plaintiff, which was a suit for an undivided half interest in the land alleged to have been sold by her husband while it was a homestead, during her coverture, without her consent.

There is no other answer filed, except the plea of not guilty.

There is no ground of deficiency in the petition, as amended, pointed out by special exceptions, and there is no brief filed by appellees.

We are therefore not informed, by the record, upon what ground the court below acted. The petition, however loosely and carelessly worded it may be, seems to cover sufficient grounds to contain a cause of action—*prima facie,* at least.

Upon a general exception, every reasonable intendment should be indulged in favor of the pleading thus excepted to.

We do not propose to discuss all of the questions which might start up in our view in the consideration of a case thus presented. It might be of no practical service in the adjudication of the rights of the parties, when the facts may appear in evidence upon a trial of the cause.

We learn, from the brief of the appellant's counsel, that the exception to the petition was sustained, upon the ground "that a divorced woman cannot maintain an action for property acquired during the marriage, upon the doctrine of *res judicata.*" That is, the court, having the authority, upon granting the divorce, to make a partition of the community property, if it is not done in the suit for the divorce, the divorced woman is precluded from bringing a suit afterwards to recover any part of the community property.

It is shown, in the petition, that Anderson Whetstone and his wife lived upon the land from 1856 to 1859, full three years, and took the proper steps to secure 320 acres thus settled upon, by preëmption; and that a patent afterwards was issued to said Whetstone for said land, as a preëmption; and that in December, 1859, said Anderson Whetstone, while he was so possessed of said land as a homestead, sold it to Ben. Vansickle, without her consent being given to the said sale. At the time of said sale, the right to the 320 acres, as a preëmption, had been perfected, as evidenced by the patent, although it did not issue until after that time. (Babb *v.* Carroll, 21 Tex., 765.) It was then community property of Anderson Whetstone and of his wife, Margaret Whetstone. He, as the husband, was vested with authority, by the laws of this State, to sell 120 acres of that land, without her consent. (Paschal's Dig., art. 4642.) But as to 200 acres of that land, being their homestead, the authority to alienate it, without his wife's consent, given in the mode prescribed by law, was expressly withheld from him by the Constitution of 1854, then in force. (Const., art. 7, sec. 22; Paschal's Dig., art. 1003, page 65.)

Her right to that much of the land was secured to her, and protected from his power of alienation through his transfer to Vansickle, by the existence of the ostensible fact of its then being their homestead, and in their possession. To show that she never parted with said right, by abandonment or otherwise, she alleged that she was forced to leave her said homestead, and follow her then husband and family; that he shortly thereafter abandoned her; that neither he nor she had any other homestead up to the time that a divorce was obtained, in 1865; that she has never acquired one since, and that Harris Coffey, the ancestor of plaintiffs, purchased the land from Vansickle in 1860, with full notice of her right to it.

Under such a state of facts, it is not to be concluded, that she had lost her right to the land up to the time of the decree of divorce, by his abandonment of, and separation from, her.

If it was for good cause, it did not defeat her right to her interest in the community property. In the case of Byrne *v.* Byrne, it is said: "When the divorce was decreed, it was a dissolution of the marital rights in relation to the community property, and the wife, although degraded, was entitled to her share of such property, and to her own separate property, if any she had." (3 Tex., 341.)

In the case of Newland *v.* Holland, it is said, that the abandonment by the wife of the husband, without just cause, before his death, does not deprive her of her rights to her share of the community property, and though it would defeat any homestead claim to his separate property, there being no other than separate property, still she was entitled, under the laws, to her distributive share of his separate property, the same as though she had not abandoned him before his death. (45 Tex., 588.)

In this suit, the land is not claimed by virtue of a homestead right; but the fact that the land was a homestead at the time it was attempted to be sold by her husband without her consent is alleged, to show that, by that illegal sale, she was not then divested of her community interest in the land that was covered by the homestead, and thereby shielded and saved to her, and protected from his absolute control and disposition. Her claiming that the half of the whole tract was thus protected, does not make her claim bad for so much of the tract as was in fact thus protected.

The question, then, is fairly presented, whether or not she is precluded now from claiming the community interest, from which she was not divested by the illegal act of her husband, because there was no adjudication upon, and partition of, the community property, between herself and her husband, in the divorce suit in 1865.

In the case of Byrne *v.* Byrne, 3 Tex., 341, previously cited, the decree of divorce was affirmed, and the cause was remanded for proceedings to be continued to ascertain and adjudge a partition of the community property. While this

establishes that it is proper that the partition should be made upon granting the divorce, it also establishes that parties fully divorced by a decree of divorce affirmed by the Supreme Court may afterwards litigate, and have adjudged to them respectively, their rights in the community property in the District Court; and this proceeding, though nominally a continuation of the divorce suit, must necessarily have been in the nature of a new suit in the District Court; and the judgment rendered in it, in relation to the property, would have been subject to appeal to, and revision by, the Supreme Court, notwithstanding the decree of divorce had previously been affirmed. (Wright v. Wright, 7 Tex., 526.)

In the case of Andrus (Executor) et al. v. Nancy Randon, a divorced woman recovered, from the executor of the will of her divorced husband, her part of a portion of the community property left in his hands, upon a settlement by trust deed upon separation before the suit for divorce, in which deed of settlement there was a covenant that he would divide the live stock, and all other community property, when requested. (34 Tex., 536.)

Here there was a large amount of community property that could have been brought into the divorce suit for settlement and partition, and though the case was strongly contested, with able counsel on both sides, the defense of res judicata in the divorce suit as a bar to the action for her part of the community property was not set up in the pleadings, or referred to by the counsel in argument, or by the court in affirming the judgment.

In a later case, Hardin v. Hardin, after deciding the case upon another point, the justice delivering the opinion says: "Each party was left, by the decree of divorce, with such property as he or she had at the time. If there was a cause of controversy between them as to any property, such controversy should have been made; if not made, it was waived and lost." (38 Tex., 616.) This was an opinion,—not a decision.

It is true, the statute prescribes that "the court pronouncing a decree of divorce from the bonds of matrimony, shall also decree and order a division of the estate of the parties in such way as to them shall seem just and right, having due regard to the rights of each party, and their children, if any: *Provided, however,* That nothing herein contained shall be construed to compel either party to divest him or herself of the title to real estate, or to slaves." (Paschal's Dig., 3452.)

This certainly secures to either party the right to file such pleadings as will inform the court of the character and extent of the property to be partitioned, and may empower the court to require it to be done, especially in the interest of the children, if there should be any. But suppose the parties do not ask it, and the court does not require it to be done: Could it have been contemplated by the Legislature, in the enactment of this law, that the failure to do it would produce, by implication, the very result which they expressly prohibited the court from doing,—which is or may be to divest the wife of her title to the whole of the community property left in the hands of the husband? Such a result could hardly have been anticipated.

In the case of Wright *v.* Wright, it is said, that as the husband has control of the community property, and the wife may be ignorant of the extent of it, she is not precluded by the inventory rendered by the husband, nor by her enumeration of the items of property in her own pleadings. That was a proceeding in the District Court to divide the community property, after a decree of divorce had been rendered in the District Court and affirmed in the Supreme Court, in which decree it was adjudged generally, without specifying the property, that it should be equally divided, as it existed at the time of bringing the divorce suit; and commissioners were appointed for that purpose.

After the suit went back affirmed to the District Court, the commissioners made their report of partition, which showed that they divided the cattle found on the premises at the

time of their action in making the partition, which was several hundred more than was shown by the pleadings to have been possessed at the time of the bringing of the divorce suit; that, among other things, was approved by the decree of the District Court, which being appealed from, the Supreme Court affirmed the decree, except as to the division of the cattle as reported by the commissioners, and required the District Court to have the cattle divided according to the original decree, as they existed at the commencement of the divorce suit, " without prejudice to any claim the plaintiff may in law have. to a division of the increase of such cattle, or of any other cattle acquired by either of the parties since the commencement of the suit, and before the final affirmation of the decree of divorce and division of the property." (7 Tex., 536.)

In discussing this part of the case, Chief Justice Hemphill says it was not material to decide whether or not a claim for this increase of cattle, if it was set up in a supplemental or original petition filed for that purpose, could be sustained. Still, in making the exception to the affirmance, as we have seen, care was taken not to disaffirm such claim in advance, should it be so set up, in either of the modes pointed out.

These decisions of this court have been referred to, in order to show, that though the question has evidently been considered by the court, it has never been directly raised and presented so as to call for a direct authoritative decision.

Chief Justice Hemphill, in explaining why a wife should not be restricted in her claim by her pleadings, where she had attempted to set out the community property in a divorce suit, she being the plaintiff, says: "It would not debar the party from claiming property which had been fraudulently concealed. by the other party, or prevented, by his fraud, from being brought forward for disposition by the decree."

It would seem, that, as between her and her husband, it would be equally reasonable that she should not be debarred of her rights in the community property, where neither she

nor he brought the property in question in the suit for divorce.

Does the fact that he had transferred the property before the separation, and that it was in the possession of other persons at the time of the decree of divorce, debar her from claiming it? In reference to all of the facts stated in the petition, which are taken to be true in their full import in deciding upon the general exceptions to it, we think she is not.

It is not averred that Vansickle had notice of her rights when he took a conveyance from her husband, without her consent, for the land, a part of which was their homestead. In purchasing the land, the fact that Anderson Whetstone had a wife, and the fact that a part of the land was a homestead, were facts of which he was bound to take notice, just as he is bound to take notice of a recorded deed for land. The Constitution and laws of the State put him upon notice to inquire into the title to the land in reference to those two facts; and not only him, but every one who derives title through him. Such a deed is taken and received in direct violation of the Constitution, in the terms of an express prohibition, and is a fraud upon her rights which does not bind her. As to her interest, it stands upon the footing of a person whose land has been attempted to be conveyed by one who has no power of attorney, nor even the shadow of authority, to convey the land. Or, as in the case of two joint owners of land by heirship, whose titles do not appear upon record, a conveyance by one alone does not debar the assertion of the title of the other, the purchaser being bound to take notice of the facts of heirship and of joint ownership; and so with the successive vendees holding under him. What higher authority can there be for saying that such a deed as the one under consideration is made without authority, binding her interest, than that which is found in the Constitution of the State, declaring, in reference to a homestead, that it " shall not be subject to forced sale for any debts here-

after contracted, nor shall the owner, if a married man, be at liberty to alienate the same, unless by the consent of the wife, in such manner as the Legislature may hereafter point out"? (Const. of 1845; Paschal's Dig., 65.)

A statute was passed prescribing the manner in which the consent of the wife, in the conveyance of the homestead, should be given by her, and her husband's deed, with her privy examination, acknowledgment, and declaration, before some officer authorized to take the same. (Statute of 1846; Paschal's Dig., art. 1003.)

It has long been decided, that, without a compliance with this statute, a conveyance of the wife's separate property which is embraced in the same provision with the homestead by an attempted transfer confers upon the purchaser neither a legal nor equitable title; and it is said, that "to hold otherwise would be virtually to repeal the statute"; and it was concluded that the instrument lacking it would not be voidable only, but absolutely void. (Berry *v.* Donley, 26 Tex., 745.)

In this case, there may be other facts which will constitute a defense to the claim of the plaintiff. If so, they are not disclosed in the petition.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.