### KIRBERG et al. v. MISSOURI STATE LIFE INS. CO. et al.

### No. 12339.

Court of Civil Appeals of Texas. Fort Worth.
May 31, 1930.

Rehearing Denied June 28, 1930.

B. M. McMahan, of Greenville, Spell, Naman & Howell, of Waco, Chas. C. Huff, of Dallas, and Hilton E. Howell, of Waco, for appellant.

Bowman & Bowman, of Greenville, and Randell & Randell, of Sherman, for appellee.

664

Chas. T. Rowland, of Fort Worth, for appellants.

Boykin & Ray, Simpson, Collins & Moore, and Leo Brewster, all of Fort Worth, for appellee Kirberg.

S. C. Rowe, of Fort Worth, for appellees Missouri State Life Ins. Co. and Penn Mut. Life Ins. Co.

CONNER, C. J.

This suit was instituted by the appellee R. G. Worrell against Mrs. C. W. Kirberg (née Mrs. R. G. Worrell) and the Missouri State Life Insurance Company and the Penn Mutual Life Insurance Company of Philadelphia. It was alleged that some fifteen years prior to the filing of the suit, R. G. Worrell procured a policy of insurance with the Missouri State Life Insurance Company in the sum of $2,000, and that about twenty-four years prior to the filing of the suit he had secured a policy of insurance with the Penn Mutual Life Insurance Company in the sum of $2,000; that at the time of the issuance of the policies named, Mrs. Kirberg was his wife and she was made beneficiary in both policies. It is further alleged that on August ——, 1924, the plaintiff and Mrs. Kirberg, who was then Mrs. Maud Worrell, were legally divorced from the bonds of matrimony; that both policies of insurance were in possession of Mrs. Kirberg, and the plaintiff desired to change the beneficiary in both policies and have them made payable to his estate. It was further alleged that the insurance companies were willing to make the change, but had refused to do so without a surrender of the original policies, which were in possession of Mrs. Kirberg and which she refused to deliver. The plaintiff therefore prayed for a mandatory injunction requiring Mrs. Kirberg to surrender the policies referred to.

Mrs. Kirberg answered and set up the fact of her marriage with the plaintiff Worrell, and alleged that the premiums that had been paid upon the policies of insurance in question had all been paid out of the community funds of herself and her then husband; that the premiums so paid to the Penn Mutual Life Insurance Company aggregated the sum of $542.80; that upon the other policy, which had a cash surrender value of $678, such premiums aggregated the sum of $675.36; and she sought to recover one-half of the cash premiums paid upon the policy in the Penn Mutual Life Insurance Company and one-half of the cash surrender value of the other policy.

She further alleged, in substance, that while she and the plaintiff remained husband and wife, R. G. Worrell had acquired shares of the capital stock in the Schermerhorn Company of the value of $2,200, the certificates of stock at all times standing in R. G. Worrell's name, but which nevertheless was the joint common property of the community estate between them, having been paid for during the coverture of the parties. It was alleged that the plaintiff Worrell had received from the stock in dividends the approximate amount of $1,600, and the prayer was that Worrell and the company be required to file an inventory of the dates and amounts of all dividends and for a partition and division of appellant's community interest of one-half, which she alleged to be in the sum of $1,600. She further alleged that: "At the time of the granting of said divorce, a partial settlement and adjustment of the community properties of the said Mrs. C. W. Kirberg and plaintiff was made and entered into, that is to say, that the said plaintiff retained their homestead consisting of lot 13 in block 15 of South Hemphill Heights Addition to the City of Fort Worth, being all of the real estate belonging to the community and which was on August ——, 1925, of the reasonable market value of $1200. That the said plaintiff gave the said Mrs. C. W. Kirberg a note for $2000 and secured by deed of trust against said homestead, and the sum of $900 in cash and one Ford Sedan automobile; and the said plaintiff kept and retained all the household goods, fixtures and furniture located in said homestead, which on August ——, 1925, being of the reasonable market value of $6000; that all of said properties mentioned above belonged to the community estate of said plaintiff and Mrs. C. W. Kirberg."

The insurance companies answered to the effect that they were willing to reissue policies of insurance making the plaintiff's estate the beneficiary upon surrender of the original policies.

The plaintiff Worrell, in answer to the cross-action of Mrs. Kirberg, presented general and special demurrers and pleaded in estoppel the divorce decree in which, it was alledged, the identical matters in question here were in controversy and determined; the proceedings and divorce judgment being made part of his answer.

The trial was before the court without a jury and resulted in a judgment as prayed for by the plaintiff Worrell with a denial of any recovery in behalf of Mrs. Kirberg, and she and her husband have duly prosecuted this appeal.

The trial court filed conclusions of fact and of law, the facts being found substantially as presented in the pleadings.

Numerous errors are assigned, but there seems to be a conclusive answer to the contention that the court erred in rendering the judgment in favor of the appellee Worrell. Fraud and concealment on the part of the husband in failing to disclose community property, or some excusable accident or oversight in the discovery thereof, would

authorize a supplemental decree for partition and the recovery of an interest in community property not included in or disposed of by a previous decree of divorce. See Wright v. Wright, 7 Tex. 526; McMurray v. McMurray, 67 Tex. 671, 4 S. W. 357; and Whetstone v. Coffey, 48 Tex. 274. But in this case the decree of divorce clearly shows that the court undertook to ascertain and determine and dispose of all the community property and fix the rights of Mr. and Mrs. Worrell therein, and neither in the pleadings before us nor proof does it appear that in the suit for divorce the community property now in question was not brought to the attention of the court because of any mistake, oversight, or concealment. In divorce suits the court is given a wide discretion in fixing the rights of the husband and wife, and a decree that does so, which has not been set aside on appeal or otherwise, must be held to be conclusive when brought in question collaterally. Nichols v. Dibrell, 61 Tex. 541, and cases therein cited. The decree in such cases concludes not only rights in property that may be disclosed on the face of the record, but also concludes the rights in property not so disclosed which could have been brought to the attention of the court and included with like property as that which the court was called upon to consider when a failure to so do is not excusable on some legal or equitable ground. See Nichols v. Dibrell, supra. It is said in the opinion in that case, written by Chief Justice Willie of our Supreme Court, that:

"It is well settled that the decision of a court of competent jurisdiction is conclusive, not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case and which they might have had decided. Danaher v. Prentiss, 22 Wis. 316; Bates v. Spooner, 45 Ind. 493; Le Guen v. Gouverneur, [1 Johns. Cas. (N. Y.) 436, 1 Am. Dec. 121] 3 Johns. Cas. 605; Shettlesworth v. Hughey, 9 Rich. [S. C.] 387. Or, as differently expressed, 'the plea of res judicata applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, by exercising reasonable diligence, might have brought forward at the time.' Aurora City v. West, 7 Wall. 106 [19 L. Ed. 42].

"This court has frequently indorsed this principle and adhered to it whenever it has been called in question. Lee v. Kingsbury, 13 Tex. 68 [62 Am. Dec. 546]; Tadlock v. Eccles, 20 Tex. 782 [73 Am. Dec. 213]; Chilson v. Reeves, 29 Tex. 275; Webb v. Mallard, 27 Tex. 80; Cayce v. Powell, 20 Tex. 767 [73 Am. Dec. 211]; Taylor v. Harris, 21 Tex. 439; Baxter v. Dear, 24 Tex. 17 [76 Am. Dec. 89].

"It has been applied, as will be seen from the above authorities, to cases in which the wife was a party to the previous suit, and have held her bound by the judgment in the same manner as any other litigant. Howard v. North, 5 Tex. 290 [51 Am. Dec. 769]; Baxter v. Dear and Cayce v. Powell, supra."

In the trial court's conclusions of law, it was held that the question of Mrs. Kirberg's claim for a partition of the cash surrender value of the Hartford Life Insurance Company policy could only be litigated in an action for accounting on the community property, and that to litigate such matters in this suit as instituted by R. G. Worrell would be a misjoinder of causes of action. The court, accordingly, sustained the plaintiff's general demurrer to the cross-action, and Mrs. Kirberg having declined to amend, judgment was rendered against her and the cross-action was dismissed. While we think the demurrer was well taken, we are of opinion that under the undisputed facts as shown by the evidence and as found by the court, the judgment below should be reformed in this respect and judgment rendered against Mrs. Kirberg on the cross-action so as to preclude the possibility of further litigation involving the same matters. The trial court's conclusions of fact are accordingly adopted, and judgment below reformed so as to deny Mrs. Kirberg all right of recovery, and as reformed, the judgment below will be affirmed.