## KIRBERG v. WORRELL et al.

### No. 1506—5799.

Commission of Appeals of Texas, Section A.
Jan. 6, 1932.

Charles T. Rowland, of Fort Worth, for plaintiff in error.

Simpson, Collins & Moore, Stanley Boykin, Leo Brewster, Marvin B. Simpson, and S. C. Rowe, all of Fort Worth, for defendants in error.

CRITZ, J.

We adopt the statement of this case contained in the opinion of the Court of Civil Appeals. 30 S.W.(2d) 663, 664. It is as follows:

"This suit was instituted by the appellee R. G. Worrell against Mrs. C. W. Kirberg (née Mrs. R. G. Worrell) and the Missouri State Life Insurance Company and the Penn

Mutual Life Insurance Company of Philadelphia. It was alleged that some fifteen years prior to the filing of the suit, R. G. Worrell procured a policy of insurance with the Missouri State Life Insurance Company in the sum of $2,000, and that about twenty-four years prior to the filing of the suit he had secured a policy of insurance with the Penn Mutual Life Insurance Company in the sum of $2,000; that at the time of the issuance of the policies named, Mrs Kirberg was his wife and she was made beneficiary in both policies. It is further alleged that on August —, 1924, the plaintiff and Mrs. Kirberg, who was then Mrs. Maud Worrell, were legally divorced from the bonds of matrimony; that both policies of insurance were in possession of Mrs. Kirberg, and the plaintiff desired to change the beneficiary in both policies and have them made payable to his estate. It was further alleged that the insurance companies were willing to make the change, but had refused to do so without a surrender of the original policies, which were in possession of Mrs. Kirberg and which she refused to deliver. The plaintiff therefore prayed for a mandatory injunction requiring Mrs. Kirberg to surrender the policies referred to.

"Mrs. Kirberg answered and set up the fact of her marriage with the plaintiff Worrell, and alleged that the premiums that had been paid upon the policies of insurance in question had all been paid out of the community funds of herself and her then husband; that the premiums so paid to the Penn Mutual Life Insurance Company aggregated the sum of $542.80; that upon the other policy, which had a cash surrender value of $678, such premiums aggregated the sum of $675.36; and she sought to recover one-half of the cash premiums paid upon the policy in the Penn Mutual Life Insurance Company and one-half of the cash surrender value of the other policy.

"She further alleged, in substance, that while she and the plaintiff remained husband and wife, R. G. Worrell had acquired shares of the capital stock in the Schermerhorn Company of the value of $2,200, the certificates of stock at all times standing in R. G. Worrell's name, but which nevertheless was the joint common property of the community estate between them, having been paid for during the coverture of the parties. It was alleged that the plaintiff Worrell had received from the stock in dividends the approximate amount of $1,600, and the prayer was that Worrell and the company be required to file an inventory of the dates and amounts of all dividends and for a partition and division of appellant's community interest of one-half, which she alleged to be in the sum of $1,600. She further alleged that: 'At the time of the granting of said divorce, a partial settlement and adjustment of the community properties of the said Mrs. C. W.

Kirberg and plaintiff was made and entered into, that is to say, that the said plaintiff retained their homestead consisting of lot 13 in block 15 of South Hemphill Heights Addition to the City of Fort Worth, being all of the real estate belonging to the community and which was on August —, 1925, of the reasonable market value of $1200. That the said plaintiff gave the said Mrs. C. W. Kirberg a note for $2000 and secured by deed of trust against said homestead, and the sum of $900 in cash and one Ford Sedan automobile; and the said plaintiff kept and retained all the household goods, fixtures and furniture located in said homestead, which on August —, 1925, being of the reasonable market value of $6000; that all of said properties mentioned above belonged to the community estate of said plaintiff and Mrs. C. W. Kirberg.'

"The insurance companies answered to the effect that they were willing to reissue policies of insurance making the plaintiff's estate the beneficiary upon surrender of the original policies.

"The plaintiff Worrell, in answer to the cross-action of Mrs. Kirberg, presented general and special demurrers and pleaded in estoppel the divorce decree in which, it was alleged, the identical matters in question here were in controversy and determined; the proceedings and divorce judgment being made part of his answer.

"The trial was before the court without a jury and resulted in a judgment as prayed for by the plaintiff Worrell with a denial of any recovery in behalf of Mrs. Kirberg, and she and her husband have duly prosecuted this appeal."

The Court of Civil Appeals reformed and affirmed the judgment of the district court. 30 S.W.(2d) 663. Mrs. Kirberg brings error.

The original divorce decree is as follows:

"On this 11th day of August, 1924, court being regularly in session, there came on to be heard the above cause, and the plaintiff appearing in person and by counsel, the defendant, though having duly entered his appearance herein, appeared not.

"A Jury was waived and the facts and the law were submitted to the court, and the court, after hearing the evidence, is of the opinion that the material allegations of plaintiff's petition are supported by the evidence.

"I. It is therefore ordered, adjudged and decreed by the court that the bonds of matrimony heretofore existing between plaintiff, M. W. Worrell, whose full name is Maud Whatworth Worrell, and the defendant, R. G. Worrell, are hereby dissolved, and the plaintiff is granted a divorce from the defendant.

"II. It appearing to the court that the plaintiff and the defendant have heretofore

agreed upon a division of all of their property, real and personal, as alleged in the first amended original petition of the plaintiff; and as agreed to by the defendant by a written agreement filed in this cause; ·

"It is therefore ordered, adjudged and decreed by the court that said property be partitioned and divided as follows, to-wit:

"That the plaintiff shall receive from the defendant the sum of $900.00 in cash. That the plaintiff shall be vested with the title and possession of one Ford Sedan car. That the defendant shall be vested with the title and possession of all furniture and fixtures located in the homestead of plaintiff and defendant, the same being the hereinafter described premises. That the defendant shall be vested with the fee simple title to the following described real estate, to-wit: Lot 13 in Block 15, of South Hemphill Heights Addition to the City of Fort Worth, Tarrant County, Texas. That, however, the plaintiff shall ·have a deed of trust lien against the aforesaid real estate in the sum of $2000.00 evidenced by promissory note bearing eight per cent. interest from date, which lien shall be in all things discharged upon the payment by the defendant to the plaintiff of said sum of $2000.00. The said $2000.00 is in addition to the sum of $900.00 in cash hereinbefore mentioned."

The Court of Civil Appeals holds in effect: (a) That the above decree undertakes to dispose of all the community property of the parties to such judgment, and therefore precludes Mrs. Kirberg, the former wife of R. G. Worrell, from claiming one-half of the property here in controversy, and (b) that, since the above decree undertakes to dispose of all community property, it concludes rights disclosed and also rights which could have been concluded, absent mistake or fraud, which are not pleaded.

We are not in disagreement with the general rules of law announced by the Court of Civil Appeals, but we think they have no application to this judgment.

■■ When we come to examine the judgment, we find that it does state "that plaintiff and defendant have agreed upon a division of all of their property," etc., but, when we come to examine and construe the judgment as a whole, and especially the decreeing part, we find that it partitions and divides to Mrs. Kirberg, then Mrs. Worrell, certain particular and specified property. It then partitions and divides to the defendant, R. G. Worrell, certain particular and specified property. The judgment proceeds no further with reference to such matters, and contains no general clause awarding property not specifically awarded to either party. We are therefore at a loss to understand how it can be said that this judgment has awarded the property here involved to the husband, since it is neither specifically nor generally awarded to him in the judgment. In other words, if the judgment is held to completely partition the community estate, how can it be said that such judgment has operated to give the husband any better title to the property here in dispute than it gives the wife? The judgment when considered as a whole simply does not partition, nor purport to partition, anything except the property particularly awarded to each of the parties. Where such is the case, the judgment cannot be held to preclude either party from demanding a partition of community property not therein included. Whetstone v. Coffey, 48 Tex. 269; Gray v. Thomas, 83 Tex. 246, 18 S. W. 721, 723.

In the Whetstone Case, supra, Chief Justice Roberts thus announced the rule: "It would seem, that, as between her and her husband, it would be equally reasonable that she should not be debarred of her rights in the community property, where neither she nor he brought the property in question in the suit for divorce."

In the Gray Case Judge Gaines cites the Whetstone Case with approval, and thus announced the rule: "According to the averments, the intervener at the time of that suit was ignorant that her husband owned the land, and it would seem that the rights of property in that land could not have been adjudicated in that suit. The rule now established in this court is that a decree of divorce which does not purport to make a partition of the property between the husband and wife, or to settle their rights to property claimed by either, does not preclude a suit by either party for such partition, or for the establishment of such rights (Whetstone v. Coffey, 48 Tex. 269), and we see no reason why, when the decree is confined to certain specific property, the same rule should not apply to other property, not brought within the scope of the adjudication. To hold that such a judgment would be conclusive as to property not included, it would have to be held that because the property had not been claimed in the divorce suit the right had been waived. This doctrine was announced in Hardin v. Hardin, 38 Tex. 616, but was expressly repudiated in Whetstone v. Coffey, supra. That it would be unjust to apply it in a case where the husband, in anticipation of a divorce, has fraudulently conveyed the property to a third party to hold for him, is quite clear. We think, therefore, that if the allegations in the petition for intervention are true, and especially if the averments as to the decree in the divorce suit are correct, the intervener was then entitled to enforce her claim to the extent of one-half of the proceeds of the land. It follows that the demurrer to her petition should not have been sustained."

An examination of the opinion in the Gray

Case, supra, will disclose that the petition of the ex-wife did contain averments as to fraud, but we do not understand the decision to be based on that averment alone. The opinion expressly cites and approves the Whetstone Case, and holds that, where the decree is confined to certain specific property, it does not apply to other property not therein included.

■■ Under article 4638, R. C. S. 1925, the district court, in decreeing a divorce, is given the power to decree and order a division of the estate of the parties in the way and subject to the limitations provided, but the failure of the court to partition the estate in the original divorce decree does not forfeit the right of either party to later invoke its jurisdiction in an ordinary partition suit. The contrary rule was announced in Hardin v. Hardin, 38 Tex. 616, but expressly repudiated in Whetstone v. Coffey, supra, and Gray v. Thomas, supra.

Since the failure of either party to invoke the jurisdiction of the district court to decree a division of the estate of the parties in the original divorce decree does not deprive either party of the right to later invoke the jurisdiction of that court in an ordinary partition suit, Judge Gaines, in the Gray Case, supra, holds that, where the decree in the original case only purports to partition certain specific property, the district court has the power in a later suit to partition other property not included in the partition had in the divorce decree, and that the original judgment is no bar to the later partition. In other words, since it was held in Whetstone v. Coffey, supra, that the failure of the wife to have the community property adjudicated and partitioned in the divorce decree did not deprive her of the right to a later adjudication and partition, Judge Gaines says, in Gray v. Thomas, that it follows that a divorce decree, which is confined to certain specific property so far as a partition is concerned, cannot be applied to other property not brought within the scope of the adjudication.

■■ We think there is no misjoinder of either parties or cause of action in this suit. Certainly Mrs. Kirberg has the right to litigate with R. G. Worrell any property rights she may have growing out of her former relation with him as his wife. The other parties occupy the position of mere stakeholders.

We recommend that the judgment of the Court of Civil Appeals and district court be both reversed, and the cause remanded to the district court for a new trial in accordance with this opinion.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.