**MILLER et al. v. HOPPE.    (No. 6694.)***

(Court of Civil Appeals of Texas.    San Antonio.    Feb. 15, 1922.    Rehearing Denied March 15, 1922.)

Venue ⬮=5(3)—Action held "suit to quiet title," so that defendant could be sued in the county of land's situs.

. Where vendor sold land to one of the defendants for cash and promissory notes and retained a vendor's lien in the deed and notes, and vendor subsequently transferred ·part of the notes, which were again transferred to another of the defendants, and plaintiff alleged the invalidity of the transfers and that he was still in ·fact the owner of the notes as well as the lien and asked that the· transfers be canceled and that the superior legal title be adjudicated to be in him, *held*, that such suit is one to quiet title within the contemplation of Rev. St. art. 1830, § 14, excepting such suits ·from those in which defendant must be sued in the county of his residence.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Suit by Wm. H. Hoppe against Will F. Miller and others, in which the defendants Miller and W. W. Moore filed a plea of privilege to be sued in the county of their residence, which was overruled, and from that order they appeal. Affirmed.

Andrews, Streetman, Logue & Mobley, of Houston, and D. F. Strickland, of Mission, for appellants.

J. E. Leslie and McDaniel & Bounds, all of McAllen, for appellee.

SMITH, J.    Wm. H. Hoppe, a resident of Hidalgo county, sold a tract of land, situated in that county, to A. F. Kemp, who paid the consideration therefor partly in cash and partly in ten promissory notes, payable to Hoppe, to secure which the vendor's lien upon the land was retained in the deed of conveyance to Kemp, and in the notes. executed by him.    Subsequently Hoppe transferred the first six of the notes to one Billsborough, who transferred them to Will F. Miller, one of the appellants, who in turn transferred ·them to W. W. Moore, the other appellant.

Hoppe brought this suit in the district court of Hidalgo county against all the parties, Kemp, Billsborough, Miller, and Moore, alleging that the various transfers of the notes were invalid, and that he is in fact still the owner of the notes, as well as the lien to secure their payment, and prayed that the transfers be canceled, and that—

" * * * The title to said notes, together with the superior and legal title to the above-described premises securing said ·notes and retained in said deed hereinabove referred to, be adjudicated to be the property of this plain-

tiff, and that said judgment make a' proper provision requiring the said A. F. Kemp to pay said notes as they mature to the plaintiff herein; and ·for costs of suit; and for such other and further relief, special and general, in law and equity, that plaintiff may be entitled to receive and in duty bound plaintiff will ever pray."

Miller and Moore filed and presented a plea of privilege to be sued in the county of their residence, to which Hoppe interposed a controverting affidavit, and by agreement of the parties the matter was submitted to the court upon the plaintiff's petition, the plea of privilege, and the controverting affidavits, without any other evidence.    The court upon consideration overruled the plea upon the stated ground that "this suit is an action for an interest in real estate."    This appeal is from that order.

The land upon which the vendor's lien was retained to secure the payment of the notes involved is situated in Hidalgo county.    The plaintiff, but none of the defendants, resides in Hidalgo county.    Miller and Moore, appellants here, reside in Harris county.    The regularity and sufficiency of the form of the plea of privilege, or of its filing and presentation, is not involved.    So, it appears, and is conceded by all parties, that the only question presented in the appeal is:    Is the plaintiff's cause of action of such nature as to constitute an exception to exclusive venue in the county of one's residence, as such exception is defined in section 14, art. 1830, R. S., as follows:

"Art. 1830. No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit:  * * *  (14) Suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, must be brought in the county ·in which the land, or a part thereof, may lie."

Not a single authority is cited by either party in support of his contention, which is stated in the briefest and most general way; nor does either party submit any argument· or discussion of the very important question involved.

Assuming, as we must in determining the nature of the action brought, that the allegations in the petition are true, it appears from the case as there stated that Hoppe is the owner of the superior title to the land involved, as well as the notes, and the lien upon the land to secure the payment of the notes.    Appellants wrongfully secured and are wrongfully withholding possession of the notes, which they claim to own by virtue of the written transfer thereof to them.    Hoppe now seeks in this action to cancel the transfers, to obtain judgment decreeing in him

⬮=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted April 26, 1922.

the title to the notes and lien, and to quiet his superior title to the land, which is jeopardized by appellants' possession and apparent ownership of the notes. For, so long as appellants have possession of the notes, supported by the written transfer, the maker may lawfully pay the amounts thereof to appellants, who may legally release the lien. In fact, it appears that the maker of the notes has already paid to appellants the proceeds of the first one of the notes. In this way, appellants, as the apparent owners of the notes, may deprive Hoppe of the consideration he is entitled to for his land, and at the same time and by the same means entirely destroy his superior title to the land.

We think the action may be said to have the composite purpose of removing incumbrances from Hoppe's title to the land here involved, and to quiet his title. It is not essential, in order to be within the meaning of the venue act in question, that the action be strictly one to remove incumbrance, or to quiet title, in the purely technical sense. It is sufficient if it partakes of the nature of such actions, and is designed to and has the effect of accomplishing, either wholly or even substantially in part, the purposes of the technical action. The actions contemplated in the statute have a more comprehensive purpose, "embracing suits founded even on equitable titles instituted to remove cloud from such title, and suits necessary, as occasion may require it, to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." Thompson v. Locke, 66 Tex. 383, 1 S. W. 112. Here we find the superior title of Hoppe incumbered by an outstanding and apparently valid claim, which unsettles that title, and which, if permitted to stand, will ultimately destroy it. We think the action to cancel that claim is a suit to quiet title to land within the contemplation of the statute here invoked, and that the venue is laid in the county where the land is situated. Thompson v. Locke, supra; McCampbell v. Durst, 15 Tex. Civ. App. 522, 40 S. W. 315.

The judgment is affirmed.