## TURMAN v. TURMAN.*
### No. 13398.

Court of Civil Appeals of Texas.
Fort Worth.
Sept. 11, 1936.

Rehearing Denied Dec. 18, 1936.

---

*Writ of error dismissed by Supreme Court Feb. 3. 1937, for want of jurisdiction, with the following notation: "This is a divorce case. We are, therefore, without jurisdiction. Article 1821, subd. 3, R. C.S. 1925, as amended (Vernon's Ann.Civ.St. art. 1821 (3); Kellett v. Kellett, 94 Tex. 206, 59 S.W. 809; Burguieres v. Farrell (Tex.Sup.) 87 S.W.(2d) 463."

See, also, 46 S.W.(2d) 447; 62 S.W.(2d) 615.

Rufus S. Garrett, of Fort Worth, for appellant.

Cal Estill, Jesse E. Martin, and Cantey, Hanger & McMahon, all of Fort Worth, for appellee.

BROWN, Justice.

This is a divorce suit which was brought by appellee against appellant for the pur-

pose of dissolving the bonds of matrimony then existing between the parties, for division of the estates, and seeking the custody of the two minor sons born to the parties.

The cause was tried with the assistance of a jury, and judgment having been rendered by the trial court dissolving the marital relations, dividing the properties, and awarding the care, custody, and control of the two minor sons to appellee, plaintiff below, the defendant below and appellant here brings the case up for review.

We find 95 assignments of error in appellant's brief and more than 130 propositions. It would require an opinion far more lengthy than the issues involved and the record justifies for this court to specifically call attention to each assignment of error and each proposition urged.

This case was originally filed in the district court of Tarrant county on the 1st day of September, 1930. Judgment having been rendered heretofore in the case, an appeal was taken therefrom, the cause was transferred by the Supreme Court to the Court of Civil Appeals for the Sixth supreme judicial district of Texas, wherein a judgment was entered reversing the judgment of the trial court and remanding the cause. During the pendency of the case on the docket of the district court, appellant attempted to remove the cause to the District Court of the United States for the Northern District of Texas, Fort Worth Division, and appellant assigns error on the part of the District Court in that it denied his petition for removal and continued to exercise jurisdiction over the parties and the subject-matter. The assignment of error is not well taken for a number of reasons:

(1) No bond was tendered in connection with the petition for removal; (2) appellant was at the time claiming to be a citizen of Mexico and not of the United States, and the federal law (Jud.Code § 28, 28 U.S.C.A. § 71), which he undertook to invoke in his behalf, applies only to citizens of the United States; (3) we find no bill of exceptions in the record showing that the petition for removal was ever presented to the trial court or that the trial court ever acted thereupon; (4) the statute invoked does not apply to a situation such as is set forth in appellant's petition for removal. That a bill of exceptions is necessary to present this character of error, see Paris & G. N. R. Co. v. Boston et al. (Tex.Civ.App.) 142 S.W. 944 (writ denied).

As to the want of applicability of the federal statutes to the case at bar, see White v. Keown (D.C.) 261 F. 814; State of New Jersey v. Weinberger (D.C.) 38 F.(2d) 298.

Complaint is made by appellant of the argument of counsel for plaintiff concerning the attempted bribing of a witness, one Mrs. Andrews. No proper bill of exception to that argument appears in the record and the matter was not presented to the trial court on appellant's motion for new trial, and we find no reason to consider the assignment of error. But if it were considered, no error appears, because in a case of this character the argument could not affect the judgment of the trial court.

By one so-called proposition, appellant complains that "a jury having been requested and the issues having been submitted to them, the trial court committed fundamental error in ignoring the findings of the jury herein on material issues and in entering judgment, notwithstanding such findings." This proposition continues by saying, in substance, that this is true because article 2211 of our Civil Statutes (as amended by Acts 1931, c. 77, § 1 [Vernon's Ann.Civ.St. art. 2211]) provides the method for the rendition of a judgment notwithstanding the verdict, and the method therein provided for was not followed in this case. This proposition is too vague and general to point out any error on the part of the trial court, does not call the attention of the trial court to the issues referred to, or the findings thereon, or wherein the judgment is not in conformity therewith. But should we consider this proposition, we could find no merit in it because the matters of the decree of divorcement, the custody of the minor children, and the division of the properties owned by the spouses are all lodged in the discretion of the trial court, and only a flagrant abuse of such discretion would warrant an appellate court in disturbing the judgment of the trial court. Articles 4638 and 4639, R.C.S.; Becker v. Becker (Tex.Civ.App.) 299 S.W. 528, 529.

A study of this record discloses that the trial court attempted to obtain from appellant a sworn inventory of all of the properties, and although ordered to file such inventory, appellant declined to do so. Whatever finding a jury may have made, in our opinion, it could have been no more than advisory, and the trial court, af-

ter considering the evidence before him and the statement and inventory of the receiver appointed in this cause by him, has evidently used his best judgment and discretion in ascertaining the status and in fairly dividing the property.

 Appellant complains that the trial court erred in setting the cause for trial on its merits at the time same was set, urging that the mandate had not been received from the appellate court at the time the case was set for trial. It appears that the court on the first Monday in September, 1934, as is the custom in Tarrant county, set the cause for a hearing on October 8, 1934. It appears that the mandate from the Court of Civil Appeals was received and filed on October 8, 1934, and that the cause came on for trial on the 10th day of October, 1934. We find nothing in appellant's contention that the court was without jurisdiction to either set or try the cause. The trial court reacquired jurisdiction of the case, after its appeal, when the mandate of the appellate court was received and filed in the office of the clerk of the trial court. Dixie Gas & Fuel Co. v. Jacobs (Tex.Civ. App.) 66 S.W.(2d) 446.

Appellant had ample time in which to get ready for this trial, and the record discloses that he did make an effort to get ready for trial.

 Complaint is made that it was an abuse of judicial discretion for the trial court to proceed to trial on October 8, 1934, because the United States District Court for the Northern District of Texas had made and entered an order on October 6, 1934, in the matter of L. C. Turman, bankrupt, restraining appellee, her agent and attorney, from prosecuting any proceeding in any other court, for the purpose of fixing a lien on foreclosing upon, or taking possession of any property involved in the petition for review of the referee's order, pending in the United States District Court. We are of the opinion that the district court of Tarrant county, as between appellant and appellee, had the unquestioned right to proceed to trial, as was done, regardless of the order of the United States District Court. We are of the opinion that it was not error for the district court to enter judgment partitioning the community property, even though it was involved in the bankruptcy case, complaint being likewise made as to this action of the trial court.

Proposition G, being appellant's seventh proposition, is too multifarious for consideration. But an examination of the record discloses that the trial court did not err in overruling appellant's motion for continuance.

As to the complaint that a second application for continuance was erroneously overruled, we call attention to the fact that the record shows no such second application.

 The trial court committed no error in refusing to give appellant an instructed verdict, as the evidence and testimony introduced were sufficient to make out a case to the satisfaction of the trial court.

 The trial court requested the jury to find in answer to question No. 9 whether or not appellant carried away with him any money that belonged to the community estate. It appears that appellant took practically all of the community property that was movable and his two sons, and left the United States for Mexico, and appellee was attempting to recover a judgment for her proper proportion of the properties so taken. Appellant requested the trial court to give a special issue to the jury in connection with issue No. 9. asking the jury to find what is the present value, if any, of the money and securities purchased with the money appellant took with him. The court did not err in refusing this request because the value of what was taken at the time of taking controls.

Complaint is made that the trial court erred in decreeing the property, described in appellee's petition and listed in the report of the receiver, to be community property.

 With the evidence and testimony before the court, we are unable to say that the judgment in this respect is not correct. It will be borne in mind that appellant absolutely refused to file an inventory and appraisement in court, after being ordered to do so by the trial court, and the record discloses that he gave no assistance to the trial court in the matter of developing the status of the properties. The trial court was compelled to rely on evidence not adduced by appellant.

 Complaint is made because the trial court in its judgment created a lien on appellant's one-half of the community property to satisfy the money judgment

awarded by the court to appellee to reimburse her for the property taken by appellant when he left Texas and proceeded to Mexico. We think the court was well within his right and power in rendering such judgment.

There is nothing in the contention that the trial court erred in appointing J. R. Overstreet receiver, on the theory he was an interested party, as the record discloses that he had no such interest as is contemplated by the statutes.

Appellant interposed a plea in bar of appellee's suit, contending that he had obtained a divorce in the Republic of Mexico after appellee had filed the instant suit. There is nothing in this contention because the district court of Tarrant county had jurisdiction of the subject-matter and of the parties, and this jurisdiction has never been relinquished, nor could the Texas court be required to relinquish its jurisdiction. Furthermore, we are of the opinion that the district court of Texas is under no duty to recognize or give validity to a judgment of divorcement, carrying with it the custody of minor children, rendered in the Republic of Mexico, under the circumstances and at the time shown in this record.

We believe that we have pointed out the principal propositions presented by appellant in our opinion. There are many propositions which are, in substance, similar to those already discussed. We have considered the entire brief, and will discuss briefly, several other matters not touched on above.

Complaint is made that the trial court erred in refusing to disqualify himself in this case. We find nothing in the record tending to show that the trial court should have disqualified himself.

There was no error on the part of the trial court in dismissing the cross-action filed by appellant against the receiver Allen and the bonding company which had become surety on his receivership bond. The cause of action asserted therein is separate and apart from the issues raised by the appellant and appellee, and the trial court rightfully dismissed the same.

The trial court had the right and authority, under a separate order, to allow attorneys' fees for appellee and to order same paid out by the receiver from the assets in his hands. This order is not a part of, nor is it incorporated in the final judgment appealed from here, and appellant cannot attack such an order on this appeal, under the circumstances.

We find no error in the record and the judgment of the trial court is affirmed.

## On Motion for Rehearing.

### PER CURIAM.

Appellant's brief contains much language filled with bitterness and evidencing disrespect for and ill will toward the trial court and opposing counsel. We would have been well within our rights had we ordered appellant's brief stricken from the files and required the case to be rebriefed. We hesitated to do this for two reasons: In the first place, the brief contains more than 130 pages of typewritten matter, in which appellant has discussed a very large number of assignments of error and propositions. We realize that it necessitated hours of great labor to prepare it. In the second place, we hesitated to call attention to such unpleasantness, feeling that it would but add "fat to the fire." We are ready to confess that we failed in our duty by not striking the brief. We accomplished nothing by overlooking these unpleasant matters, which have no place in any brief. Instead of accomplishing anything worth while, we find that appellant's motion for rehearing, which is likewise very lengthy, is filled with the same character of assertions, charges, and insinuations, all filled with disrespect for the trial court and opposing counsel, and even if not intended to do so, language bordering on contempt for the Court of Civil Appeals.

We decline to entertain any motion in which is incorporated such objectionable language. It is therefore the order of this court that appellant's motion for rehearing be stricken from the files, and in order that appellant's rights may be preserved, he is hereby given fifteen days within which to file, should he care to do so, a motion for rehearing purged of all bitterness and display of feeling toward the trial court, opposing counsel, and opposing litigant, and the Court of Civil Appeals.

## On Motion for Rehearing and to Certify.

### BROWN, Justice.

Feeling that appellant's counsel had abused his privilege by using language, in his original motion for rehearing, which

compelled us to strike the motion and give appellant leave to file a second motion purged of the language found by us to be distasteful and ill advised, we find that appellant's counsel now comes before us with a motion, in the body of which he has omitted the language objected to, but, for some reason known to appellant's counsel, we find that under the same cover and preceding his motion he has affixed three pages of "Remarks" and six pages of "Preliminary Statement."

In the first place, we know of no necessity for such "Remarks" or "Preliminary Statement," and of no rule of practice or procedure which provides for such matters. We are necessarily interested in the contents of the motion, and only in such.

In these "Remarks," counsel takes pains to advise us that in striking the original motion for rehearing we "correctly construed the language used therein, in so far as it applied to the trial court and ———, one of appellee's counsel."

He rather boasts of his use of the objectionable and uncalled for language, and having been compelled to eliminate same from his motion, shows a manifest desire to keep injected into this record all of the animus, ill will, and hatred to which he gave vent in his original motion. We are unable to appreciate this as a matter worthy of a lawyer's boasting.

At the same time counsel in these "Remarks" advises us that his policy is that of being "plain-spoken and as free from hypocrisy as may be possible under the existing circumstances." He advises that he frequently sits "with awe and wonder at the boldness of certain bretheren of the bar who are not afraid to offer sound admonition to erring tribunals"; and by his very language counsel appears to admire these "certain, bold bretheren," and further advises that his restraint has been such that he is a candidate for "saint-hood" because he has not followed in the footsteps of the "bold," heretofore.

In these "Remarks" counsel advises us that we "should not look for, nor reasonably expect any high-sounding compliments from his client for what the Court doubtless considers a meritorious opinion handed down in this case." He is correct. We do not expect such in any case.

We desire to say to counsel that the "bold bretheren" of whom he speaks and whose boldness he evidently admires and desires to emulate may be appropriately classified as those who "verily have their reward."

If counsel desires such a reward, it is his for the seeking.

■ Because of the objectionable and uncalled for language used in the first three pages of the manuscript designated as "Remarks," and similar language used in the six succeeding pages designated as "Preliminary Statement," the clerk of this court is ordered and directed to strike the said nine pages from appellant's motion for a rehearing.

We further desire to say to counsel for appellant that any attempt upon his part, in the future, or that of any other attorney, to bring before us objectionable matter and uncalled-for language by attaching same to any brief or pleading will be dealt with as deserved, and the entire brief or pleading will be stricken summarily, without leave to file any substitute therefor. We are here indulging appellant—not his counsel.

These matters having been by us stricken because they have no place before any court and because they are distinctly offensive, there remains the motion for a rehearing, and to certify.

The motion for rehearing we overrule, without comment.

■ The motion to certify contains twenty questions which appellant desires certified to our Supreme Court. They cover every possible issue and phase of the pending suit, and, should we grant such motion, the certificate would be returned to us by our Supreme Court and its consideration refused.

The citation of authorities is not necessary to support such a statement of the law in this state.

The motion to certify is therefore overruled.