## MONTE OIL CO. et al. v. McFALL.

### No. 1995.

Court of Civil Appeals of Texas. Waco.

March 10, 1938.

Meador & Meador, of Dallas, for appellants.

L. W. Shepperd, of Groesbeck, for appellee.

ALEXANDER, Justice.

R. E. McFall brought suit in Limestone county against Monte Oil Company, a corporation, and A. H. Richardson, Morris Richardson, and Alfred Richardson, to recover for certain services alleged to have been rendered by plaintiff for the defendants jointly in Limestone county. The defendants all filed pleas of privilege to have the case transferred to Dallas county, the county of their residence. Upon the hearing, evidence was introduced showing that the services in question were rendered by plaintiff for the Monte Oil Company alone in Limestone county, and there was no evidence showing that any of such services were performed in said county for either of the Richardsons. The trial court overruled the pleas of privilege, and the defendants appealed.

It is appellants' contention that appellee had the burden of proving a prima facie joint cause of action against the Monte Oil Company and the Richardsons for services rendered in Limestone county before venue could be retained against the Richardsons in that county. It is conceded that, since the Monte Oil Company is a corporation and the suit was against it for services rendered for it in Limestone county, the venue, as against said corporation, was properly laid in Limestone county. R.S. art. 1995, subd. 23. The Commission of Appeals, in the case of Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, held that when a resident and a nonresident defendant were sued on a joint cause of action, plaintiff need prove only a prima facie case against the resident defendant in order to retain venue as to the nonresident defendant, provided plaintiff had alleged a joint cause of action against the two defendants. In other words, it was held that if a joint cause of action was alleged against the two defendants and a cause of action was proved against the resident defendant, then the nonresident defendant's plea of privilege should be overruled, even though the evidence showed that the plaintiff had no cause of action against the nonresident defendant. We had previously thought that the burden was on the plaintiff not only to allege but to prove a joint cause of action against the two defendants, and we so held in the original opinion in Fenner & Beane v. Lincoln, Tex.Civ. App., 101 S.W.2d 305, but on motion for rehearing, our attention was called to the holding of the Supreme Court in Stockyards National Bank v. Maples, supra, and we were required to recede from such holding.

In the case at bar, the plaintiff alleged a joint cause of action against all the defendants. He proved a cause of action against the corporation, and, as against the corporation, he was entitled to maintain the suit in Limestone county, where it was filed. Under R.S. art. 1995, subd. 29a, plaintiff was entitled to join in said suit and to retain venue in said county as against all other necessary parties. All other parties against whom plaintiff had a joint cause of action were necessary parties. Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74, 75, and, under the rule announced in Stockyards National Bank v. Maples, supra, plaintiff's pleadings alone, and not the evidence, are to be looked to in order to ascertain whether or not plaintiff has a joint cause of action against the defendants. Consequently, plaintiff was entitled to maintain the suit in Limestone county as against all the defendants, even though he did not prove a joint cause of action against the defendants.

The rule announced in Stockyards National Bank v. Maples, supra, was applied in a case where the suit had been brought in the county of the residence of one of the defendants and venue was retained therein against the other defendants under R.S. art. 1995, subd. 4, but we see no reason why the same rule should not be applied as to all other necessary parties under subdivision 29a of the same article, so long as venue is properly fixed in such county against one of the defendants under any other section of article 1995. Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 265; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347; First National Bank in Dallas v. Pierce, 123 Tex. 186, 69 S.W.2d 756.

The judgment of the trial court is affirmed.