Albert J. Baskin and Cantey, Hanger, McMahon, McKnight & Johnson, all of Fort Worth, and Hamilton, Harrell, Hamilton & Turner, of Dallas, for appellants.

Marvin B. Simpson, of Fort Worth, and Thompson, Knight, Baker, Harris & Wright, of Dallas, for appellee.

LOONEY, Justice.

This appeal is by Winfield Scott, Jr., and Mrs. Elizabeth Scott, from the judgment below overruling their pleas of privilege. On original submission, we affirmed the judgment of the trial court on May 21, 1938, in an opinion by Mr. Bond, Chief Justice. On rehearing, we adhered to our ruling as to Winfield Scott, Jr., hence overruled his motion for rehearing, but as to Mrs. Elizabeth Scott, a majority of the Court (Mr. Bond, Chief Justice, dissenting) having reached a tentative decision that the trial court erred in overruling her plea of privilege, that her motion for rehearing should be sustained, and that our former decision, as to her, be set aside, the judgment of the trial court reversed and judgment rendered in her favor, changing the venue of the cause to Tarrant County; tentative majority and minority opinions having been filed, the Court deemed it advisable to certify to the Supreme Court for adjudication, the issues of law arising in the case as to Mrs. Elizabeth Scott.

### Statement of the Case

On November 12, 1937, Jessica Patterson Scott filed suit for divorce in a District Court of Dallas County against Winfield Scott, Jr., alleging jurisdictional facts as to inhabitancy of this State, and of residence in Dallas County, with sufficient facts to authorize the granting of a divorce, if sustained by proof.

After stating grounds for divorce, plaintiff (appellee) alleged that her husband, Winfield Scott, Jr., owned in his own right a vast estate, consisting of lands and personal property located in Tarrant, Johnson and Parker Counties, worth approximately $1,500,000, and during the existence of the marriage relationship he has received from his separate estate an income of approximately $15,000 per month; that the income is community property, of which she is vested with title in one-half thereof, and the separate estate is chargeable with just claims, contractual and equitable, payable on proper division of said estate; that she is without funds or means necessary for her support, is without an adequate home for her station in life, and without money to defray the expenses of this litigation; that since she has been separated from her husband she has created debts and liabilities in the sum of $10,000 for necessaries, which her husband failed and refused to furnish; that she is entitled to a home out of the rents and revenues from her husband's separate estate, alimony allowances pending the suit, and reasonable attorney's fees for the protection of her rights.

Plaintiff further alleged that, on February 20, 1935, prior to the time of their marriage, her husband executed and delivered to his mother, Elizabeth Scott, a deed of conveyance, transferring to her all of his estate, both real and personal; that the transaction was simulated, purporting to be an absolute deed, when in fact the same was only a conveyance in trust—his mother agreeing to hold the property in trust for the son, turn over all rents and revenues received, and finally reconvey the property to him. The mother, Elizabeth Scott, was made a party to the suit, plaintiff alleging that she is holding same in trust for her said son, that the rents and revenues therefrom are being retained by her as such trustee, and that she has refused to apprise plaintiff of the nature, location or extent of her said holdings.

Plaintiff's petition concludes with prayer: that pending the suit, defendant Winfield Scott, Jr., be ordered to file proper inventories of the properties owned by him, that he pay into the registry of the court, for the support of plaintiff, $1,000 per month as alimony; and that, on final hearing, defendant Elizabeth Scott be declared to be a trustee of the estate of her said son, holding the property conveyed in trust for the use and benefit of her said son, plaintiff be granted a divorce, a division of the properties, community and personal, and reasonable attorney's fee, and for fair and just marital charges, to be fixed on the separate property of Winfield Scott, Jr., in such amount as the court may determine.

In due time and in statutory form, each of the defendants filed pleas of privilege to be sued in Tarrant County, the county of their residence; plaintiff filed a controverting affidavit, incorporating therein and making a part thereof the allegations of her original petition; and, on hearing, the trial court overruled the defendants' pleas of privilege; each defendant appealed, and by agreement of all parties, the two appeals, as far as practicable, are prosecuted as one, with a single statement of facts, transcript and appeal bond; however, presenting assignments of error relating to and as effects the appellants separately.

On hearing the pleas and contest thereof, the only proof offered by plaintiff tend-

ing to show the existence of any fact or facts relied upon to confer venue of the cause on the court below as to Mrs. Scott was to the effect that she resided in Tarrant County, Texas, and that the major portion of the real estate involved is situated in that county; in other respects, plaintiff seems to have relied upon the sufficiency of the allegations of her petition to show venue, which were incorporated in and made a part of her contesting affidavit.

Opinion, on the Motion for Rehearing by Winfield Scott, Jr., and the Majority Opinion, on the Motion for Rehearing by Mrs. Elizabeth Scott.

On original submission the judgment of the trial court overruling the pleas of privilege filed by defendants, was affirmed in an opinion by Chief Justice Bond filed May 21, 1938.

On rehearing the court adheres to its decision that, as to Winfield Scott, Jr., plaintiff's allegations and proof show that venue was properly laid in the court below; hence, that the trial court did not err in overruling his plea of privilege. However, it is lengthily argued in his behalf, especially in the motion for rehearing, that the trial court erred in overruling his plea, the contention being that, Art. 4631 merely prescribes the qualifications, as to inhabitancy of the state and residence in the county where the suit is commenced, of a plaintiff filing a divorce suit, and as there is no requirement of law that the suit be tried in the county where it is commenced, and title to land being involved, that Subdivision 14 of Art. 1995, prescribing the venue of land suits, dominates, requiring that the cause be transferred for trial to a proper court of Tarrant County in which the major portion of the real estate involved is situated. This contention is based on certain decisions of our appellate courts, and courts of other states having statutes somewhat similar to the controlling statutes of this state, which will be briefly considered.

Construing Art. 2978 (now Art. 4631) designating the place for the commencement of a divorce action, Judge Reese, in Charlton v. Charlton, Tex.Civ.App., 141 S.W. 290, 291, involving a divorce granted on defendant's cross-bill, said: "that the requirements of the statute as to residence were only intended to apply to the plaintiff—in the language of the statute, 'the petitioner for divorce,' the person who puts the machinery of the courts in motion in a divorce proceeding. * * *" In Root v. Root, 60 S.W.2d 525, 528, the Eastland Court of Civil Appeals said: "We see no reason why a divorce case is not subject to our venue laws the same as any other suit. * * * The jurisdictional facts as to inhabitancy of this state and of residence in a particular county have application up to the time of filing the suit and fix the place of filing, but, once those jurisdictional facts exist and the suit is filed, there is no obstacle, as we see it, to a transfer of the case to another district court for trial". The court was here speaking of a change of venue by agreement of parties, and had no reference to a change of venue under the provisions of any statute authorizing same.

In Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 79, 89 A.L.R. 1198, a divorce had been granted the defendant on his cross-action; it was contended that, the court being without jurisdiction to grant same, the judgment was void (this was the precise situation presented in Charlton v. Charlton, Tex.Civ.App., 141 S.W. 290, 291), with reference to which Judge Critz said: ·"It will here be noted that the six months' residence in the county provision of article 4631 is coupled with the twelve months' residence in the state provision of the same article. In this regard we think article 4631 has effect to define the qualifications of the plaintiff or petitioner in divorce cases, and is not intended to circumscribe the jurisdiction of the district courts of this state. In this respect we call attention to the fact that article 4631 applies to all district courts alike. Its effect is to disqualify the applicant for a divorce of the right to maintain the suit unless he has resided in the state for twelve months at the time of exhibiting his petition, and in the county in which the suit is filed for six months next preceding the filing of the same". In the same case, Judge Critz also said that: "An examination of subdivision 16 of article 1995, supra, demonstrates that it is purely a venue statute. This is evident if for no other reason because it appears in a purely venue article".

Our attention has also been called to certain decisions by courts of the states of Indiana, California, Colorado, South Dakota, Nevada and Minnesota, involving the right of a defendant to change the venue of a divorce suit. It appears that,

in each of these states, there existed a statute similar to our Art. 4631, prescribing the qualification of the plaintiff and designating the place for the commencement of the action, but in each state there also existed a separate statute (altogether different from our subd. 16 of Art. 1995) under which a defendant could have the venue of a divorce suit changed. It follows that, as the venue statutes of the states mentioned differ materially from the venue statute of this state, the decisions of said courts, based upon statutes peculiar to each state, are of no value as authority in the instant case. Hence, we think it obvious that, while Art. 4631 defines the qualification of a plaintiff in a divorce case, and designates the county in which the same must be instituted, subd. 16 of Art. 1995 fixes the venue for the trial, in precisely the same county; these being the only statutory regulations of the subject, we think venue of the instant suit as to Winfield Scott, Jr., was properly laid in Dallas County, and was not subject to change under any other provision of the statute. It follows that, in our opinion, the court was authorized, by Art. 4638, R.C.S., to adjudicate the property rights of the spouses if and when the divorce is granted. We therefore overrule Winfield Scott Jr.'s motion for rehearing.

However, a majority of the court have concluded that Mrs. Elizabeth Scott cannot be forced, over her protest, to litigate the questions presented by plaintiff regarding property to which she holds legal title, in a venue other than one to which she has the statutory right to insist upon. We do not think the proceeding as to her is, in any sense, an incident to the divorce suit, but rather is a separate and independent action in which plaintiff seeks to have a deed based upon a recited valuable consideration (under which Mrs. Scott, Sr. held title twelve years before plaintiff filed suit, and six years before she and Winfield, Jr. were married) absolute in form, conveying a large landed estate situated in the counties of Tarrant, Parker and Johnson, declared to be merely a trust arrangement for the benefit of Winfield, Jr.; in effect, plaintiff asks that, the deed of conveyance under which Mrs. Scott, Sr., holds title to said properties, be nullified, that the property conveyed be wrested from her possession and control and placed in the hands of a trustee appointed by the court, with authority to collect rents, revenues, income, etc.; in other words, the relief sought by plaintiff, if granted, would divest Mrs. Scott, Sr., of title to these properties, and in legal effect, restore same to the estate of Winfield Scott, Jr., and as such charged and burdened for the benefit of plaintiff.

If the suit as to Mrs. Scott, Sr., is maintainable in Dallas County over her protest, it will be under subd. 29a of Art. 1995 R. S., Vernon's Ann.Civ.St. art. 1995, subd. 29a on the theory that she is a necessary party to the suit; no other theory has been advanced. So, the question arises, when can it be said that one is a necessary party within the meaning of subdivision 29a? This was answered by the Supreme Court in Commonwealth Bank & Trust Co. v. Heid Bros. Inc., 122 Tex. 56, 60, 52 S.W.2d 74, 75, as follows: "A 'necessary party' to a suit, according to the general understanding of that term, is one who is so vitally interested in the subject-matter of the litigation that a valid decree cannot be rendered without his presence as a party". Also in First Nat. Bank v. Pierce, 123 Tex. 186, 190, 69 S.W.2d 756, 757, referring to subd. 29a, the court said: "The purpose of the new exception as disclosed by its terms, was not to restrict the meaning or operation of any pre-existing exception contained in the article, but to leave them all in full operation as before. It is reasonably clear that the term 'necessary parties' is used in the new exception in the strict sense of the term; that is to say, as embracing 'only those persons without whose presence before the court no adjudication of any of the subject matter involved in the litigation can be had.' Townes Texas Pleading (2d Ed.) 258. The very fact that this is the meaning of the term 'necessary parties,' as used in the new exception, tends to exclude the idea that the Legislature intended the provisions of the new exception to modify or in anywise control the operation of the provisions of the old exceptions. For it may be fairly presumed that, if the new enactment were intended to dominate or vary the meaning or operation of said pre-existing provisions, the Legislature, because of momentous and far-reaching results that would follow, would have more clearly disclosed such intention, and would not have left same to be discovered by uncertain implication". Many other cases in point could be cited, but these are so recent, conclusive and understandable we do not deem it necessary to refer to any others.

Applying the definition of "necessary parties" to the case alleged by plaintiff, can it be correctly said that Mrs. Elizabeth Scott is so vitally interested in the subject-matter of the litigation between plaintiff and Winfield, Jr., that a valid decree cannot be rendered adjudicating any part of the subject-matter involved without her presence in the suit? We do not think so. It cannot be said that she is at all interested in the divorce feature of the suit, or in the division of the community property belonging to the spouses; or in the amounts to which plaintiff is entitled for necessaries, alimony or attorney's fee, nor do we think she is legally concerned in regard to the amount the court may, under the facts, be justified in burdening the separate property of Winfield, Jr., for the benefit of plaintiff. As these matters comprehend the case in its entirety, presented by plaintiff against Winfield, Jr., we think a valid decree disposing of each and all could be rendered without the presence of Mrs. Elizabeth Scott in the case; in fact, if present she would have no right to be heard on either of these issues.

Admittedly, the adjudication of the property rights sought by plaintiff is merely an incident to the divorce action, and it is with reference to this incidental matter (as between plaintiff and Winfield, Jr.) that Mrs. Scott, Sr., is brought in as a party defendant, the purpose of the action as to her (separate and independent of both the main and incidental issues involved in the divorce suit), in legal effect, is the divestiture of title to real estate.

We do not think that venue of the suit as to Mrs. Scott, Sr., is in any sense controlled or affected by venue of the divorce action. As stated in 43 Tex.Jur. pp. 774–7, Sec. 53, "But if the proceeding, claimed to be an ancillary one, is a separate, distinct action, its venue will not of course be affected by the proper venue of the suit to which it is claimed to be ancillary". Also, see Blocker v. Commercial Nat. Bank, Tex.Civ.App., 295 S.W. 341; Fox v. Cone, 118 Tex. 212, 13 S.W.2d 65. In Umberson v. Krueger, 49 S.W.2d 528, the Amarillo Court of Civil Appeals held that an "alleged fraudulent grantee" of land (in the instant case an alleged trustee) was not a necessary party to a suit, against the alleged fraudulent grantor to subject the property to a lien, and that the nonresident grantee could not properly be sued in a county in which he did not reside. To the same effect see: Shipley v. Pershing, Tex.Civ.App., 5 S.W.2d 799; Wool Growers' Central Storage Co. v. Edwards, Tex.Civ.App., 10 S.W.2d 577; Matthews v. Hedley Motor Co., Tex.Civ.App., 47 S.W.2d 661.

But it is contended that Mrs. Scott, Sr., is a necessary party because a proper division of the estate between the spouses cannot be made, and an accounting had, without her presence in the suit. Plaintiff concedes, correctly, that the adjudication with reference to the property rights of the spouses is merely an incident to the main purpose of the suit; obviously, therefore, as an incident to a mere incident, Mrs. Scott, Sr., is sought to be made a party; in its last analysis, the contention being that her statutory privilege to be sued in a proper venue must yield to the exigencies of a divorce suit presenting incidental issues, in regard to which, in a legal sense, she is in no way concerned.

The precise question has not been decided by our courts, but kindred questions have been decided and doctrines announced which, in our opinion, are sufficiently comprehensive to include and rule the question under consideration. As heretofore shown, our courts have held that an alleged fraudulent grantee of land was not a necessary party to a suit against the alleged fraudulent grantor, to subject the lands to a lien. In effect, the same question is presented here, as plaintiff is seeking to impose charges and burdens upon the separate property of her husband, the legal title to which, allegedly, is held by his mother as trustee for his benefit.

In Gray v. Thomas, 83 Tex. 246, 251, 18 S.W. 721, 723, Judge Gaines said: "The rule now established in this court is that a decree of divorce which does not purport to make a partition of the property between the husband and wife, or to settle their rights to the property claimed by either, does not preclude a suit by either party for such partition, or for the establishment of such rights (Whetstone v. Coffey, 48 Tex. 269); and we see no reason why, when the decree is confined to certain specific property, the same rule should not apply to other property not brought within the scope of the adjudication. To hold that such a judgment would be conclusive as to property not included, it would have to be held that because the property had not been claimed in the divorce suit the right had been waived.

This doctrine was announced in Hardin v. Hardin, 38 Tex. 616, but was expressly repudiated in Whetstone v. Coffey, supra. That it would be unjust to apply it in a case where the husband, in anticipation of a divorce, has ·fraudulently conveyed the property to a third party to hold for him, is quite clear. * * *" Also see Whetstone v. Coffey, 48 Tex. 269; Kirberg v. Worrell, Tex.Com.App., 44 S.W.2d 940. The language of the court, in Harris v. Harris, Tex.Civ.App., 44 S.W.2d 802, 804, is a nearer approach to the question under consideration. That was a divorce suit involving a division of property, the wife contending that her husband had transferred property in fraud of her rights, the alleged fraudulent grantee not being a party to the suit. The court held that an adjudication, as between the spouses, could be had in regard to the· validity of the transaction alleged to be fraudulent, saying: "We know of no reason why the court would not have jurisdiction to enter that decree". Also in Turman v. Turman, Tex.Civ.App., 99 S.W.2d 947,·950, pending suit for divorce, the husband went into voluntary bankruptcy and the Federal Court enjoined the wife from prosecuting any proceeding for the purpose of fixing or foreclosing a lien upon, or taking possession of any of the property belonging to the bankrupt's estate. The trial court proceeded to try the divorce suit, notwithstanding the injunction, or the legal effect of the adjudication, transferring the bankrupt's property to the trustee in bankruptcy. The Court of Civil Appeals held that, as between the husband and wife, the District Court of Tarrant County had the unquestioned right to proceed as was done, regardless of the order of the United States District Court, saying: "We are of the opinion that it was not error for the district court to enter judgment partitioning the community property * * *."

The rationale of these pronouncements, in our opinion, is to the effect that, where, in a divorce suit, property is sought to be divided between the spouses, a third party who holds or claims property alleged to belong to the community or to one of the spouses, is not a necessary party; that as between the spouses the court may adjudicate their rights in or to the property so held or claimed by another, and that such a decree would be binding upon all persons, except the third party allegedly holding or claiming the property, and as to

him, the spouse in whose favor a decree is rendered could proceed in a court of proper venue to have title to the property so held, adjudicated. In the light of these authorities, we do not think it can correctly be said that plaintiff's allegations show Mrs. Scott, Sr., to be a· necessary party to the suit, hence, as a matter of law, are of opinion that her plea of privilege should have been sustained.

But, if it be conceded that plaintiff's allegations show that, within the meaning of subd. 29a, Mrs. Scott, Sr., is a necessary party, yet we think her plea of privilege should have been sustained and venue of the cause as to her changed, because of the utter failure of plaintiff to introduce any proof showing or tending to show the existence of any fact or facts relied upon conferring venue on the court below. The only proof offered as to her was to the effect that she resided in Tarrant County, Texas, and that the major portion of the real estate involved is situated in that county; in other words, plaintiff relied exclusively upon the allegations of her contesting affidavit (incorporating the allegations of her petition) to show that Mrs. Scott Sr. was a necessary party to the suit.

The statute (Art. 2007, R.S.) mandatorily requires the contesting plaintiff to allege specifically under oath the fact or facts relied upon to confer venue on the court where the cause is pending. Under the decisions, this doctrine is now axiomatic. Appellee insists, however, that having alleged and proved that Winfield, Jr., was properly sued in Dallas County, the suit as to Mrs. Scott, Sr., was maintainable in that county under subd. 29a, even though no proof was offered tending to show a joint cause of action—that plaintiff's allegations were determinative of that question.

The Waco Court of Civil Appeals, in Monte Oil Co. v. McFall, 114 S.W.2d 596, made a pronouncement that seemingly sustains the view advanced by appellee, but, for reasons which will be stated, we are of opinion that the rule ,announced, as applied to cases arising under subd. 29a, is erroneous, and that the learned judge who wrote the opinion advanced a doctrine contrary to that previously announced by his court, in Bender v. Armstrong, 59 S.W.2d 451. In Monte Oil Co. v. McFall, the Waco Court of Civil Appeals applied the rule to cases arising under subd. 29a that was applied by the Supreme Court in

Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, that arose under subd. 4, Art. 1995. But, in First Nat. Bank v. Pierce, 123 Tex. 186, 189, 69 S.W.2d 756, 757, the Supreme Court had previously said that these subdivisions differ radically, that: "Subdivision 29a of article 1995 appears to have been enacted as an additional exception to the provision of said article which says that: 'No person, who is an inhabitant of this State, shall be sued out of the county of his domicile.' The new exception thus created does not purport, in terms, to change in any respect the previously existing exceptions prescribed in said article, and we do not think that such a purpose is fairly implied. The purpose of the new exception, as disclosed by its terms, was not to restrict the meaning or operation of any pre-existing exception contained in the article, but to leave them all in full operation as before. * * *"

Among the first cases to arise under subdivision 29a, Art. 1995, was Bender v. Armstrong, 59 S.W.2d 451, 452, decided by the Waco Court of Civil Appeals. Disposing of the question, the court said: "When none of the defendants resides in the county in which suit is brought, but venue of such suit is maintainable therein against one or more of the defendants under some specific exception to article 1995 of our Revised Statutes, and venue is sought to be maintained against another defendant solely under the provisions of subdivision 29a of said article (as added by Acts 1927, 1st Called Sess., c. 72, § 2, Vernon's Ann.Civ.Stat. Art. 1995, subd. 29a), plaintiff must further show that the latter is a necessary party to this suit. [Citing numerous authorities.]" The case just mentioned was followed by the decision of the San Antonio Court of Civil Appeals, in Brown v. Neyland, 62 S.W.2d 227, 229 (that arose under subd. 29a), the court saying: "We are now relegated to the question of whether appellee presented sufficient of the facts alleged in support of venue in Nueces county. There was evidence to support the trial court's finding that the corporate appellant maintains an agency and representative in Nueces county, thus subjecting it to suit in that county, under subdivision 23 of the statute. But there the proof ended. No evidence was admitted showing or tending to show that appellee ever had any contract or other business relation with the appellants, or any of them, or that there exists in the case a

good-faith controversy between the parties. Such a showing was necessary to sustain venue. * * *" The latest reported case on the subject is Citizens Nat. Bank v. Citizens State Bank, 116 S.W.2d 1154, 1156, by the Amarillo Court of Civil Appeals. Contrasting the required proof to maintain venue under subds. 4 and 29a, the court said: "The effect of the language used in subdivision 29a is quite different and places a more onerous burden upon him who seeks to subject the second defendant to non-resident venue. It provides that whenever there are two or more defendants in any suit which is lawfully maintainable under the provisions of article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto. This subdivision specifically designates the second defendant or defendants. They must be necessary parties to the suit before they can be subjected to the non-resident venue. The wording of the subdivision has the effect of establishing two fundamental elements of venue instead of one, as is the case in subdivision 4. Those two elements are, first, a cause of action against the first defendant and that the second defendant is a necessary party to the suit. We conceive of no reason for requiring proof of residence under subdivision 4 other than that the residence of one of the defendants is the substance of the venue. If the substance consists of two elements as in subdivision 29a, the proof of one element is as essential as proof of the other would be".

The same question was presented to this court in Meadows & Co., Inc. v. Turner, 270 S.W. 899, 900, with respect to which we said: "It will be observed that the only evidence offered by appellee on the trial of the contest, tending in any way to show the existence of a joint cause of action against appellant and the defendants residing in Dallas county, was the evidence afforded by the allegations of his original petition. In our opinion, plaintiff's petition cannot be used as evidence to support the contention that he has a joint cause of action against these defendants. * * * To hold otherwise would result in depriving a defendant of the valuable right to be sued in the county of his residence on the unproven allegations of the plaintiff's petition, or of casting on him the burden of showing that the cause did not belong to any of the exceptions to exclusive venue in

the county of his residence. * * * It is thus seen that the net result of the rule contended for by appellee is either to defeat appellant's plea of privilege on the unproven allegations of appellee's petition, or of casting on it the burden of proof to sustain its plea of privilege. In our opinion, this is not the law. * * * The plaintiff can no longer rely on the allegations of his petition as prima facie proof of his right to maintain the suit where brought, but it is incumbent on him to contest the plea under oath and therein allege the specific fact, or facts, relied on to confer venue of the suit on the court where it is pending, and not only is he required to allege the specific fact, or facts, but the burden is on him to prove, at least prima facie, the existence of same. * * *"

In the case of Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95, the Supreme Court, adopting an opinion by Judge Smedley of Commission "B", among other things, said: " 'The right to maintain a suit in a county other than that in which the statute fixes the venue must depend upon the existence of the fact or facts which constitute an exception to the statute, and not upon the mere averment of such fact or facts.' Hilliard Bros. v. Wilson, 76 Tex. 180, 184, 13 S.W. 25, 26. The purpose of the hearing is to determine whether such fact or facts in truth exist, and the truth as to their existence or nonexistence is not even approximated by a hearing in which the evidence of only one of the parties is admitted or considered. It is true that this construction of the statute means that the issue as to the commission of the crime or offense [in the instant case, the fact or facts showing that Mrs. Scott Sr. is a necessary party] may be twice tried, once in the hearing of the plea of privilege and once in the trial on the merits, with added expense and delay and sometimes with inconsistent results. But proof of the venue facts is the price which the plaintiff pays for the benefits which he expects to derive from the exception. He may avoid the hardship of twice proving that the crime or offense was committed by filing his suit in the county of the defendant's residence. It is better to put the parties to the inconvenience of two trials of the issue than to deprive the defendant of the valuable privilege of making his defense on the merits in the county of his residence, when the facts to bring the case within the exception do not actually exist.

Furthermore, under most of the exceptions in article 1995, the venue facts do not go in any great extent to the merits of the case * * *".

Therefore, we are of opinion that venue of the cause as to Mrs. Scott, Sr., should have been changed to Tarrant County, for either of the following reasons—that is, because a major portion of the lands involved is situated in that county; but if not for that reason, then because her residence is in that county.

In the early case of Thomson v. Locke, 66 Tex. 383, 1 S.W. 112, Judge Stayton said: "An examination of the several subdivisions of article 1198, Rev.St. [now Art. 1995], shows an intention on the part of the Legislature to require such actions as may affect or are brought to secure title, either legal or equitable, to land, to be brought in the county in which the land is situated. * * *" (page 387, 1 S.W. page 114). To the same effect see Babno v. Compton, Tex.Civ.App., 230 S.W. 240; Miller v. Hoppe, Tex.Civ.App., 238 S.W. 729; Grogan-Cochran Lumber Co. v. McWhorter, Tex.Civ.App., 4 S.W.2d 995; Id., Tex.Civ.App., 15 S.W.2d 126, and Liles v. McDonald, Tex.Civ.App., 63 S.W.2d 886.

That the relief sought by plaintiff against Mrs. Scott, Sr., if granted, would not simply affect her title to the lands involved, but, to all intents and purposes, would divest and extinguish same, hence we think she has the legal right to insist that venue of the cause as to her be changed to Tarrant County, in which the major portion of the land involved is situated. However, if it can be correctly said that the relief sought will not affect her title, and that venue of the suit is not controlled by subd. 14 of Art. 1995 relating to land suits, the result, in our opinion, would be the same, because, in such event, she would be entitled to have the suit transferred to Tarrant County, where she resides, under the general provision of Art. 1995, which provides that, "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases" (naming various exceptions to exclusive venue in the county of one's residence).

So, we have reached the conclusion that the trial court erred in overruling the plea of privilege urged by Mrs. Scott, Sr., that this court erred in affirming the judgment of the trial court in that respect; that her motion for rehearing should be

and is hereby granted and the judgment heretofore rendered affirming the trial court as to her is set aside, and judgment is here rendered, sustaining her plea of privilege and transferring the cause for trial to a court of proper venue in Tarrant County.

YOUNG, Justice (concurring).

Briefly, it is my opinion that First National Bank in Dallas v. Pierce, 123 Tex. 186, 69 S.W.2d 756, is decisively against the contention of appellee as to Mrs. Elizabeth Scott. It was there held that the purpose of the new exception (subd. 29a) was not to restrict or abrogate the meaning of any preexisting provision (with particular reference to subd. 4) but to leave them all in full operation as before. West Texas Construction Co. v. Guaranty Bldg. & Loan Co. Galveston Court of Civil Appeals, 93 S.W.2d 774. The entire venue statute has been construed by the courts favorably to the rights of defendants, Fox v. Cone, 118 Tex. 212, 13 S.W.2d 65; and strictly, and must be clearly established, Spinner v. Armstrong, Tex.Civ.App., 63 S.W.2d 1071; and are not to be denied upon strained constructions thereof. Southwestern Surgical Co. v. Scarborough, Tex. Civ.App., 15 S.W.2d 65. This strict interpretation plainly excludes equitable situations, embracing "all those that may be directly or indirectly involved in order that full and complete relief may be accorded the complainant"; or the "avoidance of a multiplicity of suits"; and appellate decisions that have heretofore liberalized the word are now considered as overruled. No facts constituting a joint liability as to Mrs. Elizabeth Scott has been plead, even under Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74, 75, where a "necessary party" was defined to mean "one who is so vitally interested in the subject-matter of the litigation that a valid decree cannot be rendered without his presence as a party". Quaere : And, has not the Heid Bros. case been necessarily overruled by the more recent interpretation of the term in First Nat. Bank v. Pierce, supra? Plaintiff's suit against defendant, Winfield Scott, Jr., is simply for a divorce and the establishment of various money demands; and as to Mrs. Elizabeth Scott, the allegations and prayer are no more than in the nature of an accounting suit for monies allegedly in her possession and claimed as community property. All of plaintiff's demands against

Winfield Scott, Jr., can be established by a judgment for whatever amounts the facts may warrant, without prejudice to any right to a later recovery of plaintiff's community interest, as fixed in such judgment, if in the possession of a third party. 15 Tex.Jur. (Divorce) Sec. 136, page 626; Whetstone v. Coffey, 48 Tex. 269.

In the matter of proof to support the controverting affidavit as to Mrs. Elizabeth Scott, plaintiff (appellee) tacitly admits in her briefs that no evidence was adduced on the venue issue concerning this defendant; and that the allegations of her petition are solely relied upon in such connection. It is under subd. 4 of Art. 1995, R.S., that the pleadings are controlling as to the non-resident defendant, where a case is properly plead, together with prima facie proof against the resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. However, to sustain venue of an alleged necessary party under subd. 29a of the article, the introduction of facts appropriate to such a hearing is required. See Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; also the logical reasoning of Judge Stokes of the Amarillo Court of Civil Appeals, in Citizens National Bank v. Citizens State Bank, 116 S.W.2d 1154, to this effect.

BOND, C. J., dissented from the views of the majority, but, in view of the Supreme Court's adjudication in answer to the certified questions propounded, withdrew the dissenting opinion filed by him, and, in harmony with the views of the Supreme Court, joins in the final disposition made of the case.

BOND, Chief Justice (dissenting).
Conforming to Certified Questions.

LOONEY, Justice.

The questions of law certified to the Supreme Court for adjudication were these: 1. Assuming the allegations of plaintiff's petition, in substance set out above, to be true, is it shown that Mrs. Elizabeth Scott is a necessary party to the action by plaintiff against Winfield Scott, Jr. within the meaning of subdivision 29a of Art. 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 29a?

2. Assuming plaintiff's allegations, as substantially set out above, to be true, can Mrs. Elizabeth Scott be compelled to defend the action over her plea of privilege

534

to be sued in the county of her residence, or in the county where a major portion of the land is situated, on the theory that there can be no proper division of the estate between the spouses (as authorized by Art. 4638, R.C.S.), unless she is a party to the suit?

3. If either of the above questions is answered in the affirmative, was the proof sufficient to show the existence of the fact or facts relied upon to confer venue of the cause on the court below as to Mrs. Elizabeth Scott? Phrasing the question differently: Can plaintiff rely upon the unproven allegations of her petition to establish the existence of the venue fact or facts relied upon?

 In an opinion by Associate Justice Critz, 123 S.W.2d 306, filed January 4, 1939, the Supreme Court answered questions Nos. 1 and 2 in the negative, and left unanswered question No. 3, for the reason that it was propounded only on condition that either question No. 1 or question No. 2 was answered in the affirmative.

So, it being obvious that the Supreme Court sustained the views of the majority of this Court, therefore, in harmony with the adjudication by the Supreme Court, the motion for rehearing by Mrs. Elizabeth Scott is sustained, the former judgment of this Court, affirming the judgment of the trial court as to her, is set aside, and the judgment below is reversed and judgment is here rendered, sustaining her plea of privilege and changing the venue of the cause as to her, to a court of competent jurisdiction of Tarrant County; and in consummating the change of venue, the clerk of the court below will follow the directions prescribed by Article 2020, R.C.S., Vernon's Ann.Civ.St. art. 2020.

Court of Civil Appeals of Texas. Amarillo.